| ]ARMSTRONG, Judge.
This is an appeal from a judgment in favor of the plaintiff-appellee, Terrebonne Fuel & Lube, Inc. (“Terrebonne”) in a breach of contract suit. The defendant-appellant, Placid Refining Company (“Placid”) alleges a number of errors as to both liability and damages. We find one specification of error, that based upon res judicata, to be meritorious and immediately dispositive of this case. In particular, a decision of the Louisiana Supreme Court, rendered after the trial below and while this appeal was pending, clarifies a key issue as to res judicata in this case with the result that it is now clear that this action is barred by res judicata. Therefore, we reverse the judgment of the trial court and render a judgment in favor of the defendant dismissing this suit.
Terrebonne was a fuel retailer. Placid, a fuel wholesaler, sold diesel fuel to Terre-bonne on a credit basis for eventual resale. There was a written contract, the Fuel Purchase and Supply Agreement (“the Fuel Agreement”), providing for sale of the diesel fuel and payment by Terrebonne to Placid sixty-five days after each purchase. There were also several written security instruments to secure payment for the diesel fuel.
Terrebonne became in arrears in its payments to Placid for the diesel fuel, Placid began to enforce the security instruments and Terrebonne then filed for Chapter 11 ^reorganization bankruptcy. After appropriate proceedings in bankruptcy, the federal bankruptcy court rendered a judgment confirming a plan of reorganization for Terre-bone. The plan was proposed by Terrebonne itself. The plan “allowed” (i.e., recognized as payable) Placid’s claim against Terrebonne for payment under the Fuel Agreement and provided for that claim to be paid in full, with interest, over a period of time. The plan did not even mention, much less provide, for any claims to be made by Terrebonne against Placid.
Some time later, after the federal bankruptcy court judgment was rendered confirming the plan, Terrebonne filed the present suit alleging that Placid had breached the Fuel Agreement just prior to Terrebonne’s bankruptcy and had, in fact, caused Terre-bonne’s bankruptcy by that breach of contract. Placid excepted to the present suit on res judicata grounds, but that exception was overruled by the trial court. The trial court gave no oral or written reasons for overruling the res judicata exception, but Placid’s brief on appeal represents that the trial court stated that Louisiana res judicata law, rather than federal res judicata law, is applicable to this case and Terrebonne does not dispute that representation. Indeed, Terrebonne’s principal argument on appeal as to res judi-cata is that Louisiana state res judicata law applies in this case.
There are two issues regarding res judica-ta in this ease. First, and this is the key issue and the principal dispute as to res judicata in this case, there is an issue as to whether the res judicata effect of the federal bankruptcy court’s judgment confirming Ter-rebonne’s reorganization plan is determined by federal res judicata law or, instead, by Louisiana state res judicata law. We hold, based upon a recent Louisiana Supreme Court case, that it is federal res judicata law that must be applied in this ease. Second, there is an issue as to whether, as a matter of federal res judicata law, the present suit is barred by the res judicata effect of the federal bankruptcy court’s judgment confirming Terrebonne’s reorganization plan. We hold, based upon the federal jurisprudence, that the present suit is so barred.
*88 In deciding the issue of whether the res judicata effect of the federal bankruptcy court’s judgment is determined by federal, or, instead, by Louisiana State res judicata law, we, unlike the trial court, have the benefit of the Louisiana Supreme Court’s decision Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993). In Reeder, there had been an earlier suit in federal district court that was dismissed with prejudice. The plaintiff then brought a suit involving the same transaction against the same defendant in Louisiana state court. This second suit involved a Louisiana state law theory, breach of contract, which had not been presented in the earlier federal court suit. Under Louisiana state law res judicata principles (in effect at the time of Reeder, but since, legislatively changed), the breach of contract theory would not have been barred in the second suit because it was not presented and decided in the earlier federal suit. Under federal res judicata principles, the breach of contract theory would be barred in the second suit because it could have been brought in the earlier federal court suit and involved the same transaction or occurrence as the earlier federal court suit.
The Louisiana Supreme Court decided Reeder by holding that federal res judicata principles applied, because the judgment in the first suit was by a federal court exercising federal question jurisdiction (i.e., not diversity of citizenship jurisdiction), with the result that the breach of contract claim was barred. “When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied.” Reeder, 623 So.2d at 1271. The Supreme Court cited, in support of the just-quoted holding, Section 87 of the Restatement (Second) of Judgments which states: “Federal law determines the effects under the rules of res judicata of a judgment of federal court.” The Restatement is somewhat broader than the actual holding in Reeder as, unlike the Supreme Court, the Restatement does not limit its rule to situations in which the federal court was exercising federal question jurisdiction. However, that difference between Reeder and the Restatement is of no moment in the present ease because the federal bankruptcy court which rendered judgment confirming Terrebonne’s plan of reorganization was exercising federal question, specifically, bankruptcy, jurisdiction. Thus, following Reeder, we hold that the res judicata effects of the federal bankruptcy court’s decision confirming Terrebonne’s plan of reorganization must be determined using federal res judicata principles.
LUnder federal law, the judgment of a federal bankruptcy court confirming a plan of reorganization has res judicata effect. Eubanks v. FDIC, 977 F.2d 166 (5th Cir.1992); Sure-Snap Corp. v. State Street Bank and Trust Co., 948 F.2d 869 (2d Cir.1991); Sanders Confectionary Products, Inc. v. Heller Financial, Inc., 973 F.2d 474 (6th Cir.1992), cert denied, — U.S. —, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993). See also Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938) (decided under previous bankruptcy statute).
The federal courts apply the doctrine of res judicata vigorously in order to give effect to the decisions of federal bankruptcy courts and to avoid relitigation of matters which were, or could have been, litigated in concluded bankruptcy proceedings.
This Court has previously recognized the important interest in the finality of judgments in a bankruptcy case_ In promoting that interest, we have applied our traditional rule of res judicata in the bankruptcy context: “An arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court. Any attempt by the parties to relit-igate any of the matters that were raised or could have been raised therein is barred under the doctrine of res judicata.”
Bank of Lafayette v. Baudoin (In re Boudoin), 981 F.2d 736, 739 (5th Cir.1993) (emphasis in original).
The four-element test for the application of res judicata used by federal courts requires that (1) the parties must be identical in two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits and (4) the same cause of *89 action must be involved in both cases. E.g., Eubanks, 977 F.2d at 169; Baudoin, 981 F.2d at 740. There can be no dispute as to the first element because Terrebonne was the debtor and Placid was a scheduled creditor in the bankruptcy proceeding. Nor is there any dispute that the bankruptcy court had jurisdiction to render a judgment confirming a plan of reorganization in a bankruptcy proceeding.
As to the third element, the federal courts treat a judgment of the bankruptcy court confirming a plan of reorganization as a final judgment on the merits. Eubanks, supra; Sure-Snap, supra; Sanders, supra; Stoll, supra. Also, this is consistent with Section 1141(a) of the ^Bankruptcy Code which provides that a confirmed plan of reorganization is binding on both the debtor and the creditors. 11 U.S.C. 1141(a).
As to the fourth element, the federal courts determine whether the same cause of action is involved by looking to whether the same “transaction” is involved in the two actions—i.e. whether “the actions are based on the same nucleus of operative facts.” Baudoin, 981 F.2d at 743. See also Eubanks, 977 F.2d at 171 (collecting cases); Sure-Snap, 948 F.2d at 874; Sanders, 973 F.2d at 484.
The Eubanks, Sure-Snap and Baudoin cases all involved lender liability suits by debtors against their lenders asserted after a bankruptcy court judgment confirming a reorganization plan for the debtor which had allowed the lender’s claim. In each case, the lender liability suit was based upon some alleged misconduct of the lender in connection with the loan from which the creditor’s allowed claim arose. In other words, the lender’s allowed claim in bankruptcy against the debtor, and the debtor’s later-asserted suit against the lender, arose from the same loan. In each case, the lender liability suit was held to be barred by res judicata as a result of the earlier bankruptcy court judgment confirming a plan of reorganization which allowed the lender’s claim. That is, because the lender’s claim against the debt- or, and the debtor’s later suit against the creditor, arose from the same loan (i.e., the same transaction), it was held that the “same cause of action” element was met and the debtor’s suit was barred.
The present case is analogous to the Eubanks, Sure-Snap and Baudoin cases. Terrebonne’s suit against Placid comes after an earlier bankruptcy court judgment confirming a plan of reorganization which allowed Placid’s claim. Terrebonne’s suit is based upon alleged breach of the Fuel Agreement from which Placid’s allowed claim also arose. That is to say, Placid’s claim in bankruptcy against Terrebonne, and Terre-bonne’s later-asserted suit against Placid, arise from the same contract. Thus Terre-bonne’s suit against Placid is barred by res judicata as a result of the earlier bankruptcy court judgment confirming a plan of reorganization which allowed Placid’s claim. Because Placid’s claim against Terrebonne, and Terrebonne’s later suit against Placid, arose from the same contract (i.e., the same transaction), the “same cause of action” element is met and Terrebonne’s suit |6is barred. It simply cannot be denied that, with Placid’s claim in bankruptcy and Terrebonne’s suit based on the very same contract, i.e., The Fuel Agreement, both matters are based upon the same nucleus of operative facts.
For the foregoing reasons, the judgment of the trial court is reversed and judgment is rendered in favor of Placid dismissing Terre-bonne’s suit.
REVERSED AND RENDERED.
LOBRANO, J., concurs.
PLOTKIN, J., concurs for the reasons assigned by LOBRANO, J.
BARRY, J., dissents with reasons.