666 So.2d 624 (1996)
TERREBONNE FUEL & LUBE, INC.
v.
PLACID REFINING COMPANY.
Nos. 95-C-0654, 95-C-0671.
Supreme Court of Louisiana.
January 16, 1996.
*626 C. Berwick Duval, II, Duval, Funderburk, Sundery & Lovell; for Applicant in No. 95-C-0654 and Defendant in No. 95-C-0671.
James G. Burke, Jr., Robert Dean Hoffman, Jr., Burke & Mayer; for Defendant in No. 95-C-0654 and Applicant in No. 95-C-0671.
CALOGERO, Chief Justice.[*]
This matter involves two consolidated writ applications. In the first, Terrebonne Fuel & Lube, Inc., plaintiff below, seeks relief from a Fourth Circuit Court of Appeal judgment which reversed a trial court decision in Terrebonne's favor. The court of appeal found an exception of res judicata, earlier dismissed in the trial court, to be meritorious. The second was a protective application filed by Placid Refining Company, defendant below. In the event we were to consider ruling favorably to Terrebonne on the res judicata issue, Placid would still have us sustain the court of appeal judgment upon revisiting the trial court resolution of certain issues.
Our primary focus here is to determine whether a Plan of Reorganization which is confirmed by a bankruptcy court has res judicata effect and thus acts as a bar to a subsequent claim in state court for breach of contract when the Plan contains an express reservation of causes of action, the state claim is filed in the bankruptcy after the Plan is confirmed but prior to its finality or consummation, and where the state claim is only filed in state court after the bankruptcy court abstains from exercising jurisdiction over the claim. We conclude that under the circumstances presented in this caseparticularly where the Plan contains an express reservation of claims of which the court and all parties were aware and where the bankruptcy court specifically declined to exercise its jurisdiction over the state law claimthe confirmation of the Plan of Reorganization does not operate as a res judicata bar to the subsequent assertion of the state law breach of contract claim in state court. Accordingly, we will reverse the grant of the exception of res judicata and remand to the court of appeal to address other issues raised by the parties but not yet resolved.

FACTUAL AND PROCEDURAL BACKGROUND
As noted in nearly every written opinion on this case, the factual and procedural background is very complex. This ten-year battle has been waged by the parties in U.S. Bankruptcy Court, the U.S. District Court for the Eastern District of Louisiana and the U.S. Fifth Circuit Court of Appeals, in addition to the Civil District Court for the Parish of Orleans, the Fourth Circuit Court of Appeal and now in the Louisiana Supreme Court. From our review of this case and its complicated procedural background, it appears that each time a party was unsuccessful in one forum, it rushed to assert its claim for relief in another, including cross jurisdictional complaints.
The pertinent facts are as follows. Terrebonne Fuel & Lube, Inc. ("Terrebonne") was a fuel retailer that purchased diesel fuel for resale from Placid Refining Company ("Placid"), a fuel wholesaler. Terrebonne and Placid entered into a written contract, the Fuel Purchase and Supply Agreement ("Fuel Agreement") dated April 29, 1985, providing for sale and payment within 65 days after each purchase. As security, Terrebonne executed several instruments including an Act of Collateral General Assignment of Accounts Receivables, a Notice of Assignment of Accounts *627 Receivables, an Act of Louisiana Collateral Chattel Mortgage, and an Act of Pledge. These security documents apparently allowed seizure by Placid of Terrebonne's accounts receivable, in the event of default in payment.
Terrebonne fell behind in its payment obligations under the Fuel Agreement and, without prior notice, Placid seized all of Terrebonne's assets. Terrebonne thereupon filed for Chapter 11 bankruptcy protection on May 1, 1986. A Plan of Reorganization was confirmed by the U.S. Bankruptcy Court on April 16, 1987. The Plan did not become final until April 27, 1987. The confirmation of the Plan of Reorganization was not appealed.
In the Plan, the bankruptcy debtor, Terrebonne, expressly reserved certain outstanding claims or causes of action. Section 15.3 of the First Amended Plan of Reorganization specifically stated, with emphasis added:
15.3. Reservation of Claims. Except as provided in Section 10.1 [Bank's Entitlement to Distribution and Release], the Debtor reserves all claims, demands, causes of action, and powers that it may have under the Bankruptcy Code and reserves the rights, absent a Liquidation, to have Reorganized Terrebonne enforce the same at times and on terms and conditions as Reorganized Terrebonne, in its sole discretion, deems fit, including making objections to same.
Thus, the Plan contained explicit language which placed all parties as well as the court on notice of Terrebonne's intent to reserve claims and causes of action which it might have, presumably to be asserted at a later date.
On April 25, 1987, which was after the Plan was confirmed, but before it became final, and before it was consummated, Terrebonne filed an adversary complaint in the bankruptcy proceeding, asserting claims against Placid of equitable subordination and breach of contract. Terrebonne alleged Placid forced it into bankruptcy. Placid filed a motion to dismiss the adversary complaint, and its motion was granted. By order dated June 29, 1989, the bankruptcy court dismissed the claim for failing to state a cause of action for equitable subordination. Since the bankruptcy court found that the adversary complaint did not state a claim for equitable subordination, which is a bankruptcy claim, the court reasoned that the matter was not a "core" proceeding under 28 U.S.C. 157.[1] While the remaining claims of the adversary complaint for breach of contract could be considered a "related to" proceeding, the bankruptcy court chose to abstain from exercising jurisdiction because "the fact that the Debtor's plan has been confirmed since April 16, 1987, and the Complaint was not filed until April 24, 1987, makes even this ground for jurisdiction questionable." In the Matter of Terrebonne Fuel & Lube, Inc. v. Placid Refining Company, No. 86-01526, Adversary No. 97-0130 (Bank.E.D.La., June 29, 1989), *628 slip op. at 6. The bankruptcy court dismissed only the claim for equitable subordination with prejudice, and abstained from asserting jurisdiction over the breach of contract claim, commenting: "Debtor's claims are those of breach of contract, which action can and should be brought in state court." Id. This bankruptcy order was not appealed.
Having been denied a forum in the bankruptcy action, Terrebonne then turned to Louisiana's Civil District Court for the Parish of Orleans for relief. It filed a state breach of contract claim against Placid in this state district court on July 24, 1989. Terrebonne Fuel & Lube, Inc. v. Placid Refining Company, No. 89-16316, Division E, Civil District Court for the Parish of Orleans. In response, Placid filed an exception of res judicata, asserting that the breach of contract claim was not included in the bankruptcy schedules nor was it disclosed in Terrebonne's Plan of Reorganization, and thus it was barred by the res judicata effect of the bankruptcy order confirming the Plan of Reorganization. Shortly thereafter, Terrebonne paid all monies owed to Placid under the Fuel Agreement in full with interest.
Placid continued its attack on Terrebonne's state court breach of contract suit on several fronts. In addition to the exception of res judicata, Placid filed in the state court action an exception of prescription and a reconventional demand asserting that it had been defrauded by Terrebonne's submission of false financial statements in the years prior to the bankruptcy. Further, on February 26, 1993, almost four years after Terrebonne's adversary proceeding was dismissed by the bankruptcy court and the state court action thereupon filed, Placid returned to bankruptcy court seeking an order that Terrebonne dismiss its state court action or that the state court action be enjoined because it was barred by res judicata by a judgment of the bankruptcy court, i.e., the April 16, 1987 order of confirmation of the Plan of Reorganization. On March 23, 1993, the bankruptcy court dismissed Placid's February 26, 1993 motion, with the court's assertion that the matter was neither a core proceeding nor sufficiently related to the underlying bankruptcy, and it had been over three years since Terrebonne's adversary proceeding had been dismissed. The bankruptcy court also noted that the Plan had been substantially consummated at that point, in 1993. Placid filed an appeal to U.S. District Court of this dismissal of its motion.
A short time later, on March 29, 1993, Judge Gerald P. Fedoroff of the Civil District Court for the Parish of Orleans dismissed Placid's exception of res judicata filed in the state breach of contract action. The trial court gave no oral or written reasons that were included in the record. The matter proceeded to trial, and Placid was ultimately cast in judgment for $500,000 on the merits of Terrebonne's breach of contract claim. Placid appealed from this Judgment to the state Fourth Circuit Court of Appeal, while continuing to pursue its appeal of the most recent bankruptcy order (which had dismissed its effort to have the bankruptcy court stop Terrebonne's state court proceedings on the basis of res judicata).
The U.S. District Court acted on Placid's bankruptcy appeal on July 21, 1993. United States District Court Judge Veronica Wicker held that Judge Fedoroff's state court judgment for Terrebonne on the merits of its breach of contract claim mooted Placid's appeal of the bankruptcy order. Accordingly, Placid's appeal was dismissed. Placid then appealed Judge Wicker's ruling to the U.S. Fifth Circuit.
In February, 1994, Placid returned to state court and filed a Motion to Remand in the Fourth Circuit. Placid asserted that Terrebonne wrongfully sold to its shareholders for no consideration its litigious right against Placid, and that Placid was entitled to a remand of this action to the trial court to determine the "real price" of this sale. The Fourth Circuit denied the Motion to Remand on March 23, 1994.
Back in federal court, the U.S. Fifth Circuit affirmed Judge Wicker's dismissal of Placid's appeal on April 4, 1994. Stating "[w]e need not, however, engage in a detailed analysis of the law of res judicata in Louisiana to resolve this dispute", the court concluded that the appeal was in reality an attack on the prior June 29, 1989 order of the bankruptcy court, the original abstention order. *629 In the Matter of: Terrebone Fuel, No. 93-3553, 20 F.3d 1169 (5th Cir. April 4, 1994), slip op. at 4. The court noted that Terrebonne's Plan of Reorganization provided that all creditors were to be paid in three to five years and that no claims were fully adjudicated, with the debtor reserving rights to object to any and all claims. More importantly, the Plan specifically authorized Terrebonne to pursue claims, a fact of which the court and all parties were undoubtedly aware prior to finality of the order confirming the Plan of Reorganization. The Fifth Circuit explained:
the plan authorized the debtor to pursue any claims the estate might have against other parties, with the proceeds, if any, going to benefit the creditors and further fund the reorganization. Thus, while under ordinary circumstances it might appear inequitable for the debtor to wait until after confirmation to assert, for the first time, that a principal creditor's claims against the estate were more than balanced by tort claims the estate would assert against that creditor, the confirmed plan did permit that procedure; and there can be no doubt that, before the order of confirmation became final, the bankruptcy court and the affected parties were fully aware that such claims would be asserted by the debtor.

Id., slip op. at 5, emphasis added.
The Fifth Circuit continued that Terrebonne's breach of contract action was in fact a core proceeding (contrary to the unappealed opinion of the bankruptcy court in its initial abstention order) and that the bankruptcy judge should have taken jurisdiction of the breach of contract claim, which could, and should, have been resolved in the bankruptcy court. The Fifth Circuit noted that the bankruptcy court had, in fact, abstained from deciding the breach of contract claim, and had "expressly permitted the debtor to proceed in state court." Id., slip op. at 6. The Fifth Circuit concluded that under these circumstances, especially where the state court judgment was not inconsistent with the confirmed Plan of Reorganization and was entirely consistent with the unappealed-from abstention order, it was "entirely appropriate for the state court to proceed with the litigation, and it would do violence to principles of comity, federalism and efficient judicial administration for this court now to interfere with the state court proceeding." Id., slip op. at 7. Finally, the Court noted that even though the bankruptcy court's abstention order was incorrect, "it became the `law of the case' when the time for an appeal had expired. It binds both parties, and should not be re-examined on appeal at this late date." Id. Placid applied for rehearing, which was denied.
Two days after rendition of the Fifth Circuit judgment affirming Judge Wicker's dismissal of Placid's appeal as moot, and with the appeal of the judgment of the Civil District Court for the Parish of Orleans still pending, Terrebonne filed an exception of res judicata in the pending appeal in the state Fourth Circuit Court of Appeal, asserting that the U.S. Fifth Circuit's judgment (which Terrebonne interpreted as holding that confirmation of the Plan of Reorganization had not barred the state court action) acted as a bar to any inconsistent judgment of the state appellate court, such as a finding that Placid's exception of res judicata had merit.[2]
Several months later, in August, 1994, while the state appeal was not yet concluded, the parties were notified that the Fourth Circuit Court of Appeal would rehear oral arguments before a five-judge panel (La. Const. of 1974, Art. V, § 8(B)). Terrebonne was therefore on notice that its trial court judgment not yet acted on in the Fourth Circuit was in jeopardy.
*630 On December 28, 1994, the Fourth Circuit issued the opinion we reverse today, 649 So.2d 86. The appellate court did not address the Fifth Circuit decision directly. A five-judge panel of the Fourth Circuit Court of Appeal concluded that the bankruptcy court's confirmation of the Plan of Reorganization acted as a res judicata bar to the state breach of contract lawsuit, based on the intervening Louisiana Supreme Court decision of Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993) where we held in an analogous case (as will be explained further below), that federal law of res judicata should apply. In dismissing Terrebonne's suit on the res judicata grounds raised in Placid's original exception in state court, the Fourth Circuit did not address the fact that Terrebonne had attempted to assert its breach of contract claim in bankruptcy court and was turned down, and that this attempt, while after confirmation of the Plan, was prior to finality and consummation of the Plan. The Fourth Circuit did specifically relate that the Plan of Reorganization had not mentioned or provided for any claims to be made by Terrebonne against Placid. One member of the court joined the author in an opinion which cited several cases in support of the principle that federal courts treat a judgment of the bankruptcy court confirming a plan of reorganization as a final judgment on the merits. Applying federal res judicata law, the Fourth Circuit Court of Appeal concluded that Placid's claim in bankruptcy against Terrebonne and Terrebonne's breach of contract claim against Placid arose from the same contract or transaction, i.e., the Fuel Agreement, and thus were both based upon the same nucleus of operative facts for res judicata purposes.
Two members of the five-judge panel concurred, noting that the federal courts had never addressed the merit of Placid's res judicata argument. The written concurrence recounted the complicated procedural history, and concluded that once Terrebonne's Plan of Reorganization was confirmed, Terrebonne was barred from bringing the breach of contract action. The concurrence also noted that by considering and sustaining Placid's plea of res judicata, the court was acting in accordance with the U.S. Fifth Circuit's dictates that comity required that the state court proceeding should be allowed to run its course.
The fifth member of the panel dissented, noting that Section 15.3 of the Plan expressly included a reservation of Terrebonne's claims against Placid. The Plan of Reorganization did not adjudicate all claims, and Terrebonne's claims against Placid were not resolved by the confirmed Plan. Terrebonne filed for rehearing which was denied.[3]
Both Terrebonne and Placid filed writ applications in this Court. Terrebonne argued that the state Fourth Circuit Court of Appeal erred by not giving the U.S. Fifth Circuit's decision preclusive effect under theories of "issue preclusion", "full faith and credit", and "law of the case". The Fourth Circuit further erred in applying federal rather than state pre-1991 law on res judicata. And the trial court judgment was inadequate in its damage award. Filing a "protective" writ application, Placid, apparently pleased with *631 the Fourth Circuit opinion reversing the trial court's judgment in favor of Terrebonne, asserted that the trial court erred when it found Placid was required to give five days written notice before acting and further erred in finding that Placid committed a tortious breach of contract, issues which the court of appeal had no need to reach in light of its decision. Further, the trial court erred in awarding damages to Terrebonne, in denying the exception of res judicata, which we address today, in denying an exception that the breach of contract claim was grounded in tort and thus had prescribed, and in failing to remand to the trial court to consider its sale of litigious rights argument.
We find merit in Terrebonne's contention that the Fourth Circuit Court of Appeal was in error in concluding that under the federal law of res judicata, confirmation of the Plan of Reorganization barred the subsequent state breach of contract claim, although not necessarily for the reasons proffered by Terrebonne.

LAW AND LEGAL ANALYSIS
We first address Terrebonne's contention that the Louisiana Fourth Circuit Court of Appeal was bound to give the decision of the U.S. Fifth Circuit Court of Appeals preclusive effect under the theories of "issue preclusion", "full faith and credit", and "law of the case". We find no merit in this assignment of error for the simple reason that contrary to Terrebonne's assertion, the U.S. Fifth Circuit did not resolve the issue of whether the confirmed Plan of Reorganization acted as a res judicata bar to the subsequent assertion of the state breach of contract claim. In fact, the Fifth Circuit specifically stated that it was not going to "engage in a detailed analysis of the law of res judicata in Louisiana to resolve this dispute". In the Matter of: Terrebone Fuel, supra, slip op. at 4. Rather, the Court only concluded that the principles of comity, federalism and efficient judicial administration justified allowing the state court proceeding to continue. Nothing in the opinion indicates that the Fifth Circuit had finally resolved the res judicata issue in this case (i.e., the res judicata effect, if any, of the confirmed Plan of Reorganization on Terrebonne's breach of contract claim). These assignments of error are without merit.
We now turn to the crux of this case: Terrebonne's assertion that the Fourth Circuit erred in concluding that the bankruptcy court's confirmation of the Plan of Reorganization acted as a res judicata bar to the subsequent assertion of a state breach of contract claim under the facts presented to us.
Res judicata is an issue preclusion device found both in federal law and in state law. Prior to the amendments to Louisiana res judicata law effective in 1991, Louisiana law on res judicata was substantially narrower than federal law. The purpose of both federal and state law on res judicata is essentially the same; to promote judicial efficiency and final resolution of disputes by preventing needless relitigation. As explained by former Chief Justice John A. Dixon, Jr.,
It is implicit in the concept of a judicial system that controversies be finally resolved so that parties may enjoy their rights and so that conflicting legal obligations may not be imposed on an individual; litigation must end at some point. Precluding relitigation prevents inefficient use of the courts' resources, reduces the possibility of harassment through vexatious suits, and helps maintain respect for the judicial proceeds by guarding against inconsistent decisions.
Dixon, Booksh, Zimmering, Res Judicata in Louisiana since Hope v. Madison, 51 Tul. L.Rev. 611 (1977), footnotes in quotation omitted.
Under common law, the doctrine of res judicata focuses on "extinguishment" of the cause of action. A plaintiff's cause of action "merges" into a judgment for plaintiff, whereas a judgment for defendant "bars" relitigation of the cause of action, which is considered to be extinguished. "Since the cause of action is extinguished by the lawsuit, res judicata precludes litigation of not only that which was pleaded but also any issue which might have been pleaded with regard to that cause of action." Arbour, The Louisiana *632 Concept of Res Judicata, 34 La.L.Rev. 763, 764 (1974).
Conversely, the original Louisiana doctrine of res judicata was based on a presumption of correctness rather than an extinguishment of the cause of action. Id. A decided case precluded a second suit only if it involved the same parties, the same cause and the same object of demand as the prior suit. Id. However, under La.R.S. 13:4231, as amended in 1990 effective January 1, 1991,
a second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence.
See Comments1990, La.R.S. 13:4231, emphasis added.
Although rarely mentioned, exceptions exist to the common law theory of res judicata, as noted in the Restatement (Second) of Judgments, § 26 (1982). These exceptions involve "exceptional circumstances" as where (a) the parties have agreed that the plaintiff may split his claim, or the defendant has acquiesced therein; (b) the court in the first action has expressly reserved the plaintiff's right to maintain the second action; (c) there are restrictions on the subject matter jurisdiction of the courts; (d) the judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme; (e) for policy reasons; or (f) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason. Restatement (Second) of Judgments, § 26 (1982), pg 233-234.[4]
In applying res judicata principles to this matter, be they federal or state, we must first clarify what "judgment" exists to act as a res judicata bar. In this case, the judgment to be given preclusive effect is the bankruptcy order confirming Terrebonne's Plan of Reorganization. It is well settled that a bankruptcy court's order confirming a plan of reorganization is given the same effect as a district court's judgment on the merits for claim preclusion purposes. Eubanks v. FDIC, 977 F.2d 166, 170 (5th Cir. 1992), citing Stoll v. Gottlieb, 305 U.S. 165, 170-171, 59 S.Ct. 134, 137, 83 L.Ed. 104 (1938). See also Matter of Brady, 936 F.2d 212, 215 (5th Cir.1991) ("An arrangement confirmed by a bankruptcy court has the effect of a judgment rendered by a district court. Any attempt by the parties to relitigate any of the matters that were raised or could have been raised therein is barred under the doctrine of res judicata.")
Further, Section 1141(a) of the Bankruptcy Code provides that all parties to a confirmed Plan of Reorganization are bound by its terms: "(a) ... the provisions of a confirmed plan bind the debtor, ... and any creditor,... whether or not the claim or interest of such creditor, ... is impaired under the plan and whether or not such creditor, ... has accepted the plan." 11 USCS § 1141. Thus, in the usual circumstances, a Plan of Reorganization binds the parties and acts as a judgment which will bar subsequent claims that were raised or could have been raised.
Terrebonne raised the issue of whether state or federal res judicata principles should apply in this matter. The Fourth Circuit Court of Appeal concluded that federal law was applicable, citing our recent case of Reeder v. Succession of Palmer, 623 So.2d 1268 (La.1993). In Reeder, defendants received *633 a federal court judgment in their favor, but plaintiff subsequently sued on the same transaction in state court, raising state law claims. We concluded that the state case should be dismissed with prejudice because the federal court had pendent jurisdiction over all of the state law claims as they arose out of the same transaction or wrong as those presented in the federal proceeding. Therefore, plaintiff was obligated to file in his first suit all the legal theories he wished to assert. Id., at 1270. In reaching this conclusion, we determined that when a state court is called upon to decide the preclusive effect of a judgment rendered by a federal court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied. Id., at 1271. In this case, the Plan of Reorganization was confirmed by a federal bankruptcy court in the exercise of bankruptcy jurisdiction, which is federal question jurisdiction. Therefore, in accordance with our pronouncements in Reeder, federal res judicata law is applicable in this case.[5]
A bankruptcy judgment, just as any judgment under federal res judicata law, bars a subsequent suit if all of the following tests are satisfied: 1) both cases involve the same parties; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior decision was a final judgment on the merits; and 4) the same cause of action is at issue in both cases. Matter of Baudoin, 981 F.2d 736 (5th Cir.1993); Eubanks, supra. The Fifth Circuit explained the res judicata effect of a confirmed Plan of Reorganization in Matter of Howe, 913 F.2d 1138, 1147 (5th Cir.1990): "We decide only that when a confirmed plan discloses and specifically treats the creditor's claim, and the debtor has had a full opportunity to contest the creditor's claim in an adversary proceeding that is, in effect, settled in the plan, the debtor cannot collaterally attack the bankruptcy court's decision ..." As we stated in Reeder, at 1272-73,
[s]uccinctly stated, [federal res judicata law requires that] if a set of facts gives rise to a claim based on both state and federal law, and the plaintiff brings the action in a federal court which had "pendent" jurisdiction to hear the state cause of action, but the plaintiff fails or refuses to assert his state law claim, res judicata prevents him from subsequently asserting the state claim in a state court action, unless the federal court clearly would not have had jurisdiction to entertain the omitted state claim, or, having jurisdiction, clearly would have declined to exercise it as a matter of discretion,
citing in part, Restatement (Second) of Judgments, §§ 24, 25 and 25, comment e.
The Fourth Circuit concluded that the four-part federal res judicata test had been satisfied.[6] Citing several allegedly analogous cases, the Fourth Circuit concluded that Terrebonne's breach of contract claim against Placid arose from the Fuel Agreement, which was the basis of Placid's claims in bankruptcy against Terrebonne, i.e., non-payment of sums due. Thus, according to the court of appeal, Terrebonne's suit against Placid was barred by res judicata as a result of the earlier bankruptcy court judgment confirming a plan of reorganization which allowed Placid's claim. 649 So.2d at 89.
Considering the above legal principles and the facts before us today, we find several errors in the Fourth Circuit opinion, warranting reversal of that court's judgment. *634 First, the court of appeal stated at page 87 of the opinion: "The plan did not even mention, much less provide, for any claims to be made by Terrebonne against Placid". This is simply wrong. As noted in the dissenting opinion, Section 15.3 of the Plan of Reorganization expressly made such a reservation of claims. As the U.S. Fifth Circuit noted, the claims were reserved and the parties and the court were aware that these claims would be asserted later. The second error is the court's failure to take into consideration the fact that the bankruptcy court denied Terrebonne a forum in bankruptcy court, and essentially directed Terrebonne to file its action in state court. Terrebonne had no choice but to file its claim in state court. Inherent in the concept of res judicata is the principle that a party had the opportunity to raise the claim in the first adjudication. Terrebonne had no such opportunity as it was taken away by the bankruptcy court. Third, not one of the cases cited by the Fourth Circuit contained reservations of claims by the debtor or involved exceptions to the doctrine of res judicata.
The court of appeal did not discuss the applicable exceptions to the law of res judicata, such as when there is an express reservation of claims, when the defendant acquiesces in such a reservation, or when the court in the first action has expressly reserved the plaintiff's right to maintain the second action. All of these exceptions to the application of res judicata are applicable here. The Plan of Reorganization contained an express reservation of claims. Placid did not appeal the confirmation of the Plan of Reorganization, thus acquiescing in its reservation of claims. The Plan was confirmed by court order, with the court inherently acknowledging such reservation of claims. The court confirmed a Plan which expressly reserved the plaintiff's right to maintain the second action.
Returning to Reeder, we alluded to these exceptions in part when we negated a finding of res judicata when the federal court clearly would not have had jurisdiction to entertain the omitted state claim, "or having jurisdiction, clearly would have declined to exercise it as a matter of discretion". Reeder, supra at 1273. In the case at bar, the U.S. Fifth Circuit found that the bankruptcy court did in fact have jurisdiction over the state breach of contract claim. However, the bankruptcy court had declined to exercise its jurisdiction as a matter of discretion. Therefore, the action of the bankruptcy court precludes a finding of res judicata under the authority of Reeder. In King v. Provident Life and Accident Ins. Co., 23 F.3d 926, 928 (5th Cir.1994), the district court judgment included a comment that the plaintiffs retained the right to file another lawsuit on a claim which the Court would not allow amended into the case. Upon the filing of a subsequent lawsuit, defendants excepted on the basis of res judicata. In concluding that there was no res judicata effect, the Fifth Circuit cited the res judicata exceptions noted in Restatement (Second) of Judgments § 26 (1982), and quoted Professors Wright, Miller and Cooper: "`A judgment that expressly leaves open the opportunity to bring a second action on specified parts of the claim or cause of action that was advanced in the first action should be effective to forestall preclusion.' 18 Charles A. Wright et al., Federal Practice & Procedures § 4413 (1981)." Id., at 928. In the instant case, the bankruptcy court's confirmation of a Plan of Reorganization with an express reservation of claims by the debtor is analogous to the district court's pronouncement in King that the plaintiffs retained the right to file a subsequent lawsuit.
In In re Envirodyne Industries, Inc., 174 B.R. 986 (Bankr.N.D.Ill.1994), the Chapter 11 Debtor did not disclose a state breach of contract claim in its Plan of Reorganization or Disclosure Statement. However, it did include a general provision in a prior Order that the Reorganized Debtors were to be vested with title to all causes of action of any kind whatsoever. Further, Debtors put defendants on notice by disclosing in an Application for Attorneys' Fees that it was investigating a breach of contract action and discovery was served on defendants seeking general information. In response to defendants' contention that the Order confirming the Plan of Reorganization prevented Debtor from pursuing its breach of contract action on res judicata and other grounds, the court *635 noted that defendants were not harmed. The court refused to dismiss the claim on res judicata grounds, resolving the issue on other unrelated grounds. Commenting on the res judicata argument, the court stated:
The Defendants' arguments that the principles of res judicata should be applied to preclude [Debtor] from pursuing this action might be persuasive if future causes of action were not reserved for in the Disclosure Statement, Plan, and Order of Confirmation (Order No. 164). It might be a better policy for [Debtor] to have specifically disclosed the possibility of bringing an action of this magnitude in the Disclosure Statement as its lawyers, and presumably its senior executives, were well aware of the potential for this suit. But, the Debtors failure to reserve such an action was not fatal.... Regardless, defendants were not harmed.
Id., at 990-991, emphasis added. In the case at bar, Terrebonne expressly reserved its cause of action in its Plan of Reorganization, and the parties were aware of this reservation prior to the order confirming the Plan.
While acknowledging that a bankruptcy court's order confirming a plan has the effect of a district court decision, "[w]hether it has the effect of a final judgment on a particular claim.... depends on whether and how the claim was resolved in the plan." In re Dahlgren Intern., Inc., 147 B.R. 393, 397 (N.D.Tex.1992). The Dahlgren court found that a bankruptcy court's confirmation order was not res judicata in a subsequent action where that order explicitly deferred a decision because such a deferral prevented a final decision on the merits. So, too, in the case at bar, the reservation of claims in the Plan of Reorganization which was confirmed by the bankruptcy court prevented the Plan from constituting a final decision on the merits of Terrebonne's breach of contract claim.
Further, Terrebonne's claim was filed before consummation of the Plan of Reorganization. In In re Charterhouse, 84 B.R. 147, 154 (Bankr.D.Minn.1988), the court commented that a Plan of Reorganization is not final for res judicata purposes "until the parties' rights have vested by the act of substantial consummation." This is so because the availability of post-confirmation modification under the Bankruptcy Code defers the res judicata finality of the confirmation order until after the point at which modification is barred by the occurrence of substantial consummation. Id., at 154. Therefore, under Charterhouse, Terrebonne's Plan of Reorganization was not final for res judicata purposes until the plan was consummated in December, 1990, more than two and one-half years after the breach of contract claim was filed in bankruptcy court and approximately one and one-half years after it was filed in Civil District Court for the Parish of Orleans.
One of the goals of res judicata is to promote judicial economy and fairness. As the U.S. Fifth Circuit instructed in Jackson v. Johns-Manville Sales Corp., 727 F.2d 506, 521 (5th Cir.1984), "`[p]rinciples of res judicata are not ironclad,'" but must be applied to accomplish justice in the light of public policy. Barring Terrebonne from asserting its state breach of contract claim in this case based on an application of res judicata would not be fair or just, nor would it be judicially "uneconomical" to allow the claim to be pursued in state court. What more could Terrebonne have done to preserve its claim? It put the bankruptcy court and all parties on notice of its intent to assert a future claim, it filed the claim prior to finality of the Plan of Confirmation and prior to consummation of the Plan, and it sought to have its claim heard in the bankruptcy proceeding. While res judicata is a useful tool, it should not be used as a scythe applied mechanically to mow down claims where the party asserting the claim is not at fault for the lack of adjudication of that claim in the first suit. Placid is not harmed by allowing this claim to proceed. It was on notice that Terrebonne reserved claims and it chose not to appeal the order confirming the Plan of Confirmation. Applying res judicata blindly or mechanically in this case does not foster judicial economy or fundamental fairness to the parties.
Therefore, we conclude that Terrebonne's state breach of contract claim was not barred by the res judicata effect of the Plan of Reorganization under federal rules of res *636 judicata because the facts at bar clearly fall within the exceptions to the application of res judicata. The claims were specifically reserved in the Plan of Reorganization, Placid knew of this reservation and in essence acquiesced in it by not appealing the Plan of Reorganization, Terrebonne was deprived of the opportunity to bring its claim in the bankruptcy action, and the court acknowledged the reservation of claims by confirming the Plan. This case falls outside of the parameters of the jurisprudence cited in the Fourth Circuit Court of Appeal opinion. Accordingly, the opinion of the Fourth Circuit is reversed and the trial court judgment dismissing the exception of res judicata is reinstated.

REMAINING CLAIMS
Terrebonne also asserts that the damages awarded by the trial court were inadequate. Because the Fourth Circuit sustained Placid's plea of res judicata in the trial court and took away Terrebonne's $500,000 judgment on the merits, this assignment of error was not addressed below. We therefore remand this matter to the court of appeal to address Terrebonne's inadequate damages claim, assuming the court of appeal finds no merit to Placid's assignments of error mentioned below.
Placid also asserts several errors in the trial court judgment, including that the trial court erred when it found Placid was required to give five days written notice before acting (the crux of the case supporting the trial court's judgment against Placid), and further erred in finding that Placid committed a tortious breach of contract. Further, the trial court erred in awarding damages to Terrebonne, in denying the exception of res judicata (which we address today), in denying an exception that the breach of contract claim was grounded in tort and thus had prescribed, and in failing to remand the case to the trial court after judgment to consider Placid's sale of litigious rights argument. Similarly, the court of appeal did not reach these errors, except for the exception of res judicata, because of its resolution of the res judicata exception. We therefore also remand this matter to the court of appeal to address Placid's remaining assignments of error.

DECREE
For the foregoing reasons, we reverse the decision of the court of appeal, reinstate the trial court's dismissal of the exception of res judicata, and remand for the court of appeal to address assignments of errors raised by the parties in the court of appeal and not considered by that court or by this Court herein.
REVERSED; REMANDED TO COURT OF APPEAL.
NOTES
[*] Judge Lemmie O. Hightower, Court of Appeal, Second Circuit, sitting as Justice Pro Tempore in the vacancy created by the resignation of Dennis, J., now a judge on the United States Court of Appeals for the Fifth Circuit. Johnson, J., not on panel. Rule IV, Part 2, § 3.
[1] Under 28 U.S.C. 157, core proceedings "include, but are not limited to

(A) matters concerning the administration of the estate;
(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12 or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
(C) counterclaims by the estate against persons filing claims against the estate;
(D) orders in respect to obtaining credit;
(E) orders to turn over property of the estate;
(F) proceedings to determine, avoid, or recover preferences;
(G) motions to terminate, annul, or modify the automatic stay;
(H) proceedings to determine, avoid, or modify the automatic stay;
(I) determinations as to the dischargeability of particular debts;
(J) objections to discharges;
(K) determinations of the validity, extent, or priority of liens;
(L) confirmation of plans;
(M) orders approving the use or lease of property, including the use of cash collateral;
(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and
(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims."
[2] This res judicata exception filed by Terrebonne in the pending Fourth Circuit appeal is not the res judicata exception directly on appeal before us today (which is the res judicata exception filed by Placid in the state trial court proceeding). Terrebonne's res judicata exception argues that the judgment of the Fifth Circuit bars any inconsistent judgment of the Fourth Circuit, whereas Placid's res judicata exception argues that the judgment of the bankruptcy court confirming the Plan of Reorganization bars the assertion of claims that could have been raised therein, such as the state breach of contract action.
[3] Today, we review only the December 28, 1994 decision of the Fourth Circuit Court of Appeal. However, we also note that the parties' procedural machinations did not end with that opinion. After the Fourth Circuit's decision unfavorable to Terrebonne was rendered, Terrebonne sought relief in yet another forum, returning to bankruptcy court, and moving for an injunction under the All Writs Act. Terrebonne asked the bankruptcy court to prevent Louisiana state courts from relitigating issues allegedly already resolved by the opinion of the U.S. Fifth Circuit. On May 18, 1995, the bankruptcy court denied the motion because no grounds existed under the All Writs Act warranting such action, and under these circumstances, it would be improper to interfere with state court proceedings. Bankruptcy Judge Thomas M. Brahney, III also noted that the Debtor had not proven that it had no other adequate remedy, commenting that Terrebonne had already requested a rehearing in the Fourth Circuit and could yet come to the Louisiana Supreme Court. Judge Brahney was right; Terrebonne still had an adequate remedy at that juncture, and that recourse has proven fruitful as evidenced by this opinion.

Terrebonne then appealed Judge Brahney's judgment to the U.S. District Court for the Eastern District of Louisiana, and United States District Court Judge Morey L. Sear affirmed the bankruptcy court's denial of the motion. Judge Sear specifically noted that the U.S. Fifth Circuit's opinion did not resolve the res judicata issue, but only concluded that the state litigation should be allowed to run its course.
[4] When Louisiana law on res judicata was amended by enacting La.R.S. 13:4231, effective January 1, 1991, a companion statute, La.R.S. 13:4232, was also enacted to include similar exceptions, stating in pertinent part:

A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or
(3) When the judgment reserved the right of the plaintiff to bring another action.
[5] Terrebonne argues that Reeder is distinguishable because here, the confirmed Plan of Reorganization did not resolve the state law claim, and in fact, Terrebonne specifically reserved the cause of action in the Plan. However, resolution of the claim by the prior federal court judgment is not the appropriate focus of the inquiry. Rather, once it is determined that the judgment sought to be given preclusive effect was rendered by a federal court in the exercise of federal question jurisdiction, then federal res judicata law applies under Reeder.
[6] While the parties contest whether these four tests of res judicata have been met in this case, and although the Fourth Circuit devotes much discussion to this issue, we pretermit such an analysis at this juncture because under the facts before us today, as explained below, this case falls within several of the exceptions to the principle of res judicata noted in the Restatement (Second) of Judgments (1982).