| .MARION F. EDWARDS, Judge.
In this case, plaintiff, Jan Luke Mule, executrix of the estate of James G. Mule, Jr., appeals a trial court ruling granting an Exception of Res Judicata on the issue of whether defendant, J.M. Hymel, has the legal capacity to execute juridical acts. For the following reasons, the judgment of the trial court is affirmed.
FACTS AND PROCEDURAL HISTORY
On February 8, 2000, in the 29th JDC for the Parish of St. Charles, James G. Mule, Jr., filed a Petition for Interdiction against his aunt, Josephine Mule Hymel, (“Hymel”), alleging that Hymel suffered from a mental disability which rendered her incapable of managing her property. The petition requested that the Court appoint an expert to examine Hymel and make a report as to her condition and that Hymel “be interdicted as to her property in order to prevent the dissipation of her assets.” Hymel filed an answer denying all of the allegations in the petition except for her name and domicile.
| .The trial court subsequently ordered Hymel to undergo the mental examination, and the examining doctor diagnosed Hy-mel with “Mental Retardation by history.” The examining doctor further concluded that, “... Hymel is incapable of effectively managing her affairs on her own and would benefit from the appointment of a guardian.”
On October 16, 2001, another one of Hymel’s nephews, Michael A. Mule, filed a Petition of Intervention in the case. On October 22, 2001, all parties to the interdiction proceedings filed a Joint Motion for Judgment, and presented a Consent Judgment to the court, which was signed by the by the District Judge on that same day. The Consent Judgment provided, in relevant part, that Hymel had the legal capacity to, “... execute any and all juridical acts, including, but not limited to, the agreement to sell/purchase and act of sale, and any and all other acts which she may be required to execute pertaining to ...” a parcel of property that Hymel owned in part with James and Michael Mule, which was in the process of being sold to Shell Oil.
After the time for filing an appeal had elapsed on the Consent Judgment, Michael Mule filed a Motion for Summary Judgment asserting that the Consent Judgment conclusively established that Hymel has the capacity and is capable of entering into juridical acts, that there were no issues of material fact left for the court to decide at trial, and that Summary Judgment was appropriate for those reasons. In the alternative, Mule argued that the issue of Hymel’s capacity for entering into juridical acts was res judicata. After a hearing on the exception of res judicata, the court granted Michael Mule’s exception and dismissed the Petition for Interdiction by an order dated February 7, 2002.
James Mule filed a notice of suspensive appeal on March 6, 2002, but passed away on May 11, 2002. Jan Luke Mule, as the executrix of James Mule’s ^succession, substituted herself as. appellant, and converted the Suspensive Appeal into the present Devolutive Appeal.
LAW AND ARGUMENT
Appellant’s sole assignment of error is whether the trial court erred when it granted the exception of res judicata in regard to Hymel’s capacity to execute juridical acts.
In this case, plaintiff, James Mule, filed a Petition for Interdiction, which specifically sought that Hymel “be interdicted as to *484 her property only.”[1] [Emphasis provided]. Former La. C.C. art. 389.1, which was in effect at the time of the filing of the petition, stated:
When a person is declared incapable by reason of mental retardation, mental disability, or other infirmity under the provisions of Articles 389 or 422 of the Louisiana Civil Code, of caring for his own person or of administering his estate, a court of competent jurisdiction may appoint a limited curator to such person or his estate. Pending appointment of a limited curator, the court shall inquire into the specific abilities and disabilities of the incapacitated person and such limited curator shall have only those powers necessary to provide for the demonstrated needs of the incapacitated person. [Emphasis added].
Pursuant to the petition, under the above cited article, the only need sought to be met for Hymel was the interdiction of her property.
La. C.C. art. 390, which became effective on July 1, 2001 provides:
A court may order the limited interdiction of a natural person of the age of majority, or an emancipated minor, who due to an infirmity is unable consistently to make reasoned decisions regarding the care of his person or property, or any aspect of either, or to communicate those decisions, and whose interests cannot be protected by less restrictive means.
In this case, the Consent Judgment entered into by all parties stated in relevant part:
... that Josephine Mule Hymel is hereby declared to have the legal capacity:
Is2. To execute any and all juridical acts, including, but not limited to, the agreement to sell/purchase and act of sale, and any and other acts which she may be required to execute pertaining to said property. [Emphasis added].
R.S. 13:4231, states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
The court in Terrebonne Fuel and Lube, Inc. v. Placid Refining Co.,[2] stated as guidance for reviewing a claim of res judi-cata: “The central inquiry is not whether the second action is based upon the same cause of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence *485 which was the subject matter of the first action.”
As Michael Mule argues in his brief, the exception of res judicata is typically pled in subsequent actions. We are guided in this case, however, by revision comment (b) to L.S.A. — R.S. 13:4231, pertaining to the principle of issue preclusion, which “serves the interests of judicial economy by preventing relitigation of the same issue between the same parties.” To the extent that the Consent Judgment brought a final conclusion to a prayer for relief raised in the |fipetition, we find that res judicata is an appropriate vehicle to bar relitigation of that same issue, even if it is within the same proceeding.
In Section (B) of the 2000 Revision Comments to La. C.C. art 395, a “juridical act” is defined:
(b) A juridical act is a lawful volitional act intended to have legal consequences. It may be a unilateral act, such as an affidavit, or a bilateral act, such as a contract. It may be onerous or gratuitous. See Civil Code Article 3471 (Rev. 1982), Comment (c) (citing 1 A.N. Yian-nopoulos, Louisiana Civil Law System Coursebook Section 77 (1977)); 1 Planiol & Ripert, Treatise on the Civil Law, pt. 1, no. 265, at 187 (La.St.L.Inst.trans., 12th ed.1939).
In spite of the prayer in the petition to interdict Hymel, “as to her property only,” Appellant now argues that Hymel’s capacity to make juridical acts had never been contested in this case, and that the “occurrence” which is the subject matter of this litigation is actually Hymel’s lack of mental ability to consistently make reasoned decisions regarding the care of her person or property. Appellant asserts that the law of res judicata is not applicable to this case, and that to conclude otherwise, “would preclude in every case a limited interdiction of a person who has the capacity to perform all juridical acts, when such capacity is specifically recognized by law to be part of a limited interdict’s capacity.”
Conversely, Appellee, Michael Mule, asserts that Appellant’s original petition sought to restrict Hymel’s ability only to manage her property, and therefore her ability to pass certain juridical acts. Michael Mule further argues that the only way that the trial court could have granted the relief prayed for in the petition would have been to restrict Hymel’s ability to pass juridical acts, pursuant to La. C.C. art. 395. Michael Mule concludes that the Consent Judgment recognized that Hymel could pass all juridical acts, thereby ending the dispute in resolving all issues raised in the original Petition. After a review of the record, we agree.
|7La. C.C.P. art 891 requires that a petition contain a “concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation” and must conclude with a prayer for judgment for the relief sought. In this case, the petition specifically sought the remedy that Hymel be interdicted “as to her property only,” thereby depriving her of her ability to make juridical acts. The plain wording of James Mule’s petition did, in no way, seek other relief from the trial court, or attempt to aid Hymel with any other stated infirmity. We therefore find no error in the trial court’s determination that the consent judgment between the parties, which acknowledged Hymel’s ability to make “any and all juridical acts,” effectively extinguished plaintiffs cause of action, as stated in the original petition.
For the above stated reasons, the judgment of the trial court is affirmed.
AFFIRMED.
CANNELLA, J., dissents with reasons.

. La. C.C. art. 389.1, was vacated by the amendment and re-enactment of Title IX of Book I of the Louisiana Code of 1870 by Acts 2000, 1st Ex.Sess., No. 25 § 1, eff. July 1, 2001.

. 95-0654 (La.1/16/96), 666 So.2d 624, 632.