| PATRICIA RIVET MURRAY, Judge.
This is an accounting malpractice action. The plaintiff, Robert Shearman, appeals from the trial court’s judgment granting the exception of res judicata filed by the defendants, Harold Asher and Katz & Asher, Ltd. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
In 1999, Robert F. Shearman, R. Ray Orrill, Jr., and Leslie Cordell decided to dissolve and liquidate the law firm of Or-rill, Shearman & Cordell, L.L.C. (“law firm”). Initially, Mr. Orrill acted as liquidator. On January 13, 2000, Harold Asher was appointed as judicial liquidator for the law firm in an action brought by the law firm and Mr. Orrill against Mr. Shearman (“liquidation action”).[1] In the liquidation action, Mr. Shearman alleged that Mr. Or-rill was not an owner of the law firm and was responsible for financial irregularities during the liquidation of the law firm.
On February 9, 2000, Mr. Shearman and Mr. Orrill executed an indemnity agreement, which stated:
| PHarold Asher has the right as liquidator to make decisions pursuant to his duties under Title 12 of the Louisiana Revised Statutes. R. Ray Orrill and Robert F. Shearman agree that if they do not agree with Mr. Asher’s actions that they will have the right to challenge, via appropriate motion, Mr. Ash-er’s actions only against each other. Robert F. Shearman and R. Ray Orrill hereby release and agree to indemnify Mr. Asher for any of his actions as liquidator. Any challenge to an action of Mr. Asher will only involve Mr. Asher as a witness, if at all. Orrill and Shear-man agree that all matters pertaining to the liquidation of Orrill, Shearman & Cordell, L.L.C. will be subject to the jurisdiction of the matter No. 99-11819, Division “N” in Civil District Court for Orleans Parish as captioned above.
On June 7, 2000, Mr. Shearman agreed to a consent judgment in the liquidation action, which stated in pertinent part:
1. Any and all claims, whether currently existing or arising in the future, regardless of whether such claims are contained in any ongoing suits, that exist by, among or between Kevin Shearman, Robert Shearman, Shearman & Shear-man, Ray Orrill, Leslie Cordell, Orrill & Cordell, L.L.C., Orrill, Shearman & Cor-dell, L.L.C. and/or their agents, attorneys or heirs, are hereby forever and finally settled, including, but not limited to, all claims which are or could have been brought in the following lawsuits:
a. Orrill, et al v. Shearman, et al, Case No. 99-11819, Division “N”, Civil District Court for the Parish of Orleans, State of Louisiana....
[[Image here]]
j. Both cases mentioned in Number 1 above specifically shall be dismissed with prejudice immediately without any further actions being taken by any party in those proceedings and without any responsibility or obligation of Harold Asher to report as a judicial liquidator to Division “N”....
On August 26, 2002, Mr. Shearman brought suit against Mr. Asher and his accounting firm, Katz & Asher, Ltd. (“accounting firm”), for actions taken by Mr. Asher in his role as court appointed liquidator of the law firm (“accounting malpractice suit”). On October 14, 2002, after *1228 receiving an extension of time to file a responsive pleading, Mr. Asher and his accounting firm filed a peremptory exception of res judicata. Mr. Asher argued that in the liquidation action, Mr. Shear-man agreed to release and indemnify Mr. Asher “for any of his actions as a I liquidator.” Mr. Asher also argued that on June 8, 2000, Mr. Shearman entered into a consent judgment, in which he compromised and settled all past and future claims against Mr. Asher as the liquidator of the law firm in the liquidation action.
On December 6, 2002, following a hearing, the trial court granted the exception of res judicata and dismissed the accounting malpractice suit. On December 20, 2002, the trial court issued its reasons for judgment, stating that res judicata barred Mr. Shearman’s claims against Mr. Asher and his accounting firm because the claims were previously “compromised, settled and/or released.” This appeal followed.
ANALYSIS
Mr. Shearman first argues that the trial court erred in granting the exception of res judicata because Mr. Asher and his accounting firm were not parties to the liquidation action and because the exception was granted without the benefit of discovery or trial. Second, he argues that the trial court erred in ruling that Mr. Asher was released from any liability in the underlying litigation for his role as court appointed liquidator of the law firm.
Mr. Asher counters that he was a third party beneficiary to the indemnity agreement signed by Mr. Shearman, which released him from all claims arising from his actions as judicial liquidator. Mr. Asher further counters the consent judgment resolved the same issues as raised by Mr. Shearman in his suit against Mr. Asher, ie., the accounting malpractice suit; thus, the trial court properly found Mr. Shear-man’s suit barred by res judicata.
After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. La.R.S. |413:4231; La. C.C.P. art. 425. Explaining the current doctrine of res judicata, the Louisiana Supreme Court stated:
In 1990, the Legislature amended LSA-R.S. 13:4281, the Louisiana res judicata statute. Terrebonne Fuel [ & Lube v. Placid Refining, 95-0654, 95-0671, pp. 11-12 (La.1/16/96); 666 So.2d 624, 631] addressed the amended statute. The original Louisiana doctrine of res judica-ta was based on a correctness presumption rather than a cause of action’s extin-guishment: a decided case precluded a second suit only if the prior suit involved the same parties, the same cause, and the same object of demand. Terrebonne Fuel at 12; 666 So.2d at 632. However, the amended res judicata statute’s chief inquiry is whether the second action asserts a cause of action which arises out of the transaction which was the subject matter of the first action. Id.
Avenue Plaza, L.L.C. v. Falgoust, 96-0173, p. 6 (La.7/2/96), 676 So.2d 1077, 1080. Explaining the exceptions to res judicata, the Court stated:
Although rarely mentioned, exceptions exist to the common law theory of res judicata, as noted in the Restatement (Second) of Judgments, § 26 (1982). These exceptions involve “exceptional circumstances” as where (a) the parties have agreed that the plaintiff may split his claim, or the defendant has acquiesced therein; (b) the court in the first action has expressly reserved the plaintiffs right to maintain the second action; (c) there are restrictions on the subject matter jurisdiction of the courts; (d) the judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory *1229 or constitutional scheme; (e) for policy reasons; or (f) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason. Restatement (Second) of Judgments, § 26 (1982), pg 233-234.[FN4]
FN4. When Louisiana law on res judi-cata was amended by enacting La.R.S. 13:4231, effective January 1, 1991, a companion statute, La.R.S. 13:4232, was also enacted to include similar exceptions, stating in pertinent part: A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or
(3) When the judgment reserved the right of the plaintiff to bring another action.
Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, p. 13 (La.1/16/96), 666 So.2d 624, 632.
Res judicata is ordinarily premised on a final judgment on the merits, but “it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. Thus, compromises have the legal efficacy of the thing adjudged.” La. C.C. art. 3078. Ortego v. State, Dept. of Transp. and Development, 96-1322, p. 6 (La.2/25/97), 689 So.2d 1358, 1363. A settlement agreement “must be interpreted according to the parties’ intent” and is “governed by the same general rules of construction applicable to contracts.” Ortego, 96-1322, p. 6, 689 So.2d 1358, 1363 (internal citations omitted). That is, consent judgments are given res judicata effect. Hartwig Moss Ins. Agency, Ltd. v. Kelly, 96-1423, p. 3 (La.App. 4 Cir. 1/29/97), 688 So.2d 196, 198.
In the instant case, the two suits at issue are the liquidation suit, which resulted in the consent judgment, and the accounting malpractice suit. Mr. Shearman argues in pre-1990 res judicata terms of identity of thing, cause of action, and parties, but the liquidation suit arises out of the decision in 1999 to dissolve the law firm and the appointment of Mr. Asher as judicial liquidator in 2000. As a result, the amended version of the res judicata statute controls, and the test is whether the subject matter of the accounting malpractice suit arises from the same transaction or occurrence of a previous suit.
In the liquidation suit, the issue was the proper distribution of the assets of the law firm. Within the liquidation suit, the lawyers of the law firm executed an indemnity agreement, in which they indemnified Mr. Asher for any actions he took as judicial liquidator. The indemnity agreement also provided that any disagreement with Mr. Asher over his actions as judicial liquidator would be |fichallenged within the liquidation suit via motions filed by one law firm lawyer against another law firm lawyer. Mr. Asher would be, at most, a witness in any challenge to his decisions as judicial administrator. Subsequently, the law firm’s lawyers entered into a consent judgment, which settled any possible claim that could arise out of the liquidation of the law firm and provided for distribution of the law firm’s assets.
The accounting malpractice suit arises out of the same nucleus of facts as the liquidation suit, the indemnity agreement, and the consent judgment. At issue, again, is the proper distribution of assets of the law firm, which now claims was marred by the professional negligence of Mr. Asher. The issue of Mr. Asher’s professional negligence could have been raised in the liquidation suit, and the consent judgment did not specifically reserve the
*1230 right of Mr. Shearman to bring another action on the issue. Thus, Mr. Shearman’s second suit against Mr. Asher arising out of his actions as judicial liquidator in the dissolution of the law firm is barred by res judicata.
DECREE
For the foregoing reasons, we affirm the judgment of the trial court granting the defendants’ exception of res judicata and dismissing the plaintiff action.
AFFIRMED.

. Orrill, Shearman & Cordell, L.L.C. and R. Ray Orrill, Jr. v. Robert F. Shearman, CDC No. 99-11819.