570 So.2d 477 (1990)
Charles DYE
v.
IPIK DOOR COMPANY, INC.
No. 90-CA-306.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
*478 Edmund J. Schmidt, III, Jefferson, for plaintiff-appellant.
Duplass, Witman, Zwain & Williams, Bernard J. Williams, C. Michael Pfister, Metairie, for defendant-appellee.
Before CHEHARDY, C.J., and GAUDIN and GOTHARD, JJ.
CHEHARDY, Chief Judge.
Plaintiff, Charles Dye, appeals a summary judgment granted to defendant, Ipik Door Company, Inc. (Ipik), in a case involving a work-related accident.
The judgment dismissed plaintiff's action in tort against Ipik, limiting his recovery to benefits under the Worker's Compensation Act.
On appeal plaintiff first asserts the trial judge erred in holding he was equitably estopped from pursuing his tort action against Ipik after receiving worker's compensation benefits. Plaintiff secondly asserts issues of material facts exist as to his employment status which precludes a summary judgment. Alternatively, he contends the facts show he is an independent contractor and exempt from the worker's compensation statute.
Plaintiff, a hydraulic engineer, suffered injuries from electrocution while doing repair work on a double-headed planer located on Ipik's premises. He subsequently received worker's compensation in the amount of $7,289.07.
One year later, on January 17, 1989, plaintiff filed suit against Ipik for tort damages related to his injury. Ipik responded with its answer and a motion for summary judgment, contending plaintiff was an employee or statutory employee at the time of the accident.
The motion was heard January 12, 1990, and in February judgment was rendered in Ipik's favor. In reasons for judgment, the trial judge found plaintiff was estopped from asserting the tort action due to his recovery of compensation benefits and that his election to receive compensation constituted an admission of employment status. He further found plaintiff failed to prove his asserted independent contractor status.
In his first specification of error plaintiff contends the trial judge erred in dismissing his action based on equitable estoppel, waiver, or admission of employment status, through his receipt of compensation benefits. *479 He asserts neither the law nor equity prohibits an injured worker from receiving compensation benefits from a party and subsequently disputing his status as employee and pursuing an action in tort against that same party.
In regard to equitable estoppel, plaintiff asserts the trial judge erred in finding he was estopped from pursuing his tort claim since he received compensation benefits. He contends the doctrine is not looked upon favorably in Louisiana and its application has been limited to rare instances.
In John Bailey Contr. v. St. Dept. of Tr. & Dev., 439 So.2d 1055 (La.1983), the Louisiana Supreme Court noted that estoppels are not favored in law but have been applied when the "ends of justice so require." Id at 1059. Justice requires the application of the doctrine when the party asserting equitable estoppel will suffer an injury if the opposing party is allowed to take a position contrary to his prior acts, admissions, representations or silence. American Bank and T. Co. v. Trinity Universal Ins. Co., 205 So.2d 35 (La.1967). It is not available to a party when he has the means to determine the true facts, but fails to do so. John Bailey Contr. v. St. Dept. of Tr. & Dev., supra.
In Commercial Bank & Trust Co. v. Canale, 450 So.2d 761 (La.App. 5 Cir.1984), this court noted the doctrine is imposed rarely because it bars the normal assertion of rights. And, the Louisiana Supreme Court, in a later case, found no justification in the statutes or the body of jurisprudence for its use except as a last resort. Howard Trucking Co., Inc. v. Stassi, 485 So.2d 915 (La.1986).
In this case plaintiff made a representation subject to differing legal interpretations. Because of that, this case does not provide an instance in which the doctrine should be applied. Thus, we find it does not form a valid basis on which to render a summary judgment or to bar plaintiff's tort action.
Plaintiff next asserts that payment of compensation does not constitute an admission of employment status. He analogizes the plaintiff's right to collect benefits without admitting his status as an employee to the employer's right to pay benefits under the statute without admitting liability, citing LSA-R.S. 23:1204. He further analogizes the situation to LSA-R.S. 23:1101, which authorizes the employee to pursue an action against a third-party tort-feasor without compromising his worker's compensation claim.
Under R.S. 23:1204 the employer is permitted to pay compensation benefits without the payment constituting an admission of liability for compensation. R.S. 23:1101 permits a third-party action to be brought by the employee while allowing him to receive compensation, regardless of the outcome. That provision also allows the employer or its compensation carrier to intervene in such a suit to recover any compensation payments made to the plaintiff.
Neither provision cited by plaintiff is precisely applicable to this case. However, there is no prohibition in either the jurisprudence or the statutory law against an action of this typewhere the "employee" who received worker's compensation benefits later disputes his employment status and seeks to recover from the "employer" in tort. Like the case in which the employee is allowed to sue his employer for intentional tort without losing his right to worker's compensation, these suits are separate and apart and one does not preclude the other. No double recovery by the worker will occur because the compensation payor, whether the employer or its compensation carrier, would be entitled to a credit or set-off, as they would be in any ordinary intervention under C.C.P. art. 1091 or in a third-party suit under R.S. 23:1101. We find, therefore, that the trial judge erred in dismissing the case on the basis of waiver or admission.
In plaintiff's next specification of error he contends the summary judgment was inappropriate because material issues of fact remain in dispute which precludes a summary judgment. C.C.P. art. 966. Alternatively, on the merits he contends he is an independent contractor.
*480 Defendant, on the other hand, argues plaintiff was an employee of its company. Alternatively, it contends he was a statutory employee.
A summary judgment is appropriate when there is no genuine issue of material fact, and when reasonable minds inevitably conclude the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981). Summary judgment is not appropriate where a trier of fact must decide between conflicting evidence and testimony to which reasonable men may differ. Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2 Cir. 1983).
A person who renders service for another is presumed to be an employee under the Worker's Compensation Act. LSA-R.S. 23:1044. That presumption is rebuttable upon establishment of the status of a worker as an independent contractor. Independent contractor is defined in LSA-R.S. 23:1021(6) as:
"[A]ny person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished...."
The factors to be considered in analyzing the status as to whether or not he is an independent contractor are selection and engagement, the payment of wages, the power of dismissal, and control or lack thereof by the employing party. Pitcher v. Hydro-Kem Services, Inc., 551 So.2d 736 (La.App. 1 Cir.1989).
A worker who is found to be an independent contractor may still be subject to the worker's compensation statute if he is also determined to be a statutory employee. LSA-R.S. 23:1061. The first factor relevant to that determination involves a review of the entire scope of the worker's employment, rather than to a specific task, to determine if it is specialized or nonspecialized. Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986). If it is specialized (requiring a degree of skill, training, experience, education and/or equipment not normally possessed by those outside the contract field), the worker is not a statutory employee. If the work is nonspecialized, the inquiry is whether the work can be considered a part of the principal's trade, business, or occupation. Id. That determination is made by questioning whether the work is routine or customary, whether the principal is capable of performing the work through his own manpower and equipment, whether he would normally do so, and whether the principal is engaged in the work at the time of the accident.
The evidence presented in the trial court consisted of the deposition testimony of plaintiff, Charles Dye, Randall Pick, the defendant's owner, and Ethel Rome, defendant's bookkeeper. An affidavit by Steve Cather, a client for whom plaintiff did periodic consulting work was also presented.
The evidence shows plaintiff, a hydraulic engineer, d/b/a Hydraulic Specialist, worked for defendant, a custom door manufacturer, on a job-by-job basis for several years prior to 1984. In 1984 he began working for defendant on a full-time basis and continued to do so until 1988 when he was injured. His job consisted of maintaining and repairing defendant's machinery and equipment.
Unlike his co-workers, plaintiff did not punch a time clock. He worked flexiible hours at his own discretion. While he was loosely directed by Randall Pick as to what equipment needed repairs, he generally did what needed to be done without direction. No one instructed plaintiff as to the manner of his work. The tools he used were partially his and partially defendant's.
Plaintiff was paid for his services on an hourly basis according to the numbers he submitted at the end of the week. He generally worked 40 hours per week, but sometimes worked more or less depending upon what needed to be done. His pay was considered accounts payable and did not come out of the ordinary payroll, and his check was made out to Charles Dye, d/b/a Hydraulic Specialist. No taxes were withheld *481 from his pay check at his request. He received no insurance benefits, but received paid holidays, holiday gift turkeys and Christmas bonuses.
In plaintiff's testimony he contends he performed the services without supervision and that in addition to maintaining the ordinary equipment he was responsible for repairing and maintaining a double-headed planer. The evidence by both parties showed only plaintiff had the knowledge and expertise to perform this function. It was uncontested that plaintiff installed and rebuilt this piece of equipment initially.
Defendant asserted, by Pick's deposition, that others in the plant could and did perform mechanical repair work and that the maintenance work was not specialized, except for the double-headed planer. Pick also stated he was plaintiff's supervisor and was responsible for telling him what to do. He conceded plaintiff would perform repairs without Pick's direction if he saw something requiring attention.
Plaintiff asserted he worked flexible hours primarily so he could perform outside consulting work, and for this reason, requested his taxes not be withheld so he could "lump" his income on his tax returns. He admitted he also found it convenient to work on the machines after hours when they were not being used. He supports his contention that he did not work exclusively for defendant through an affidavit signed by Steve Cather, one of the parties for whom he claims to have done outside work. Cather asserted he hired plaintiff periodically from 1981 through 1988 to perform consulting work for the various companies Cather was either president or vice president of during that time frame.
Defendant contended plaintiff worked exclusively for it. It asserts plaintiff worked flexible hours primarily so he could care for a sick wife, as well as work on equipment not being used.
In other portions of testimony, plaintiff stated he was told he could not participate on a group life insurance program because he was not an employee. Additionally, Ethel Rome, defendant's bookkeeper, testified the company did not consider plaintiff an employee.
In reviewing the memorandums, depositions and affidavit in this case we find conflicting and disputed contentions as to supervision and the exclusivity of plaintiff's expertise. We also find critical questions left to be resolved involving why and how plaintiff became associated on a steady, as opposed to his previous periodic, basis with defendant, what importance his specialized knowledge played in his engagement and how important is the maintenance and repair of the double-headed planer vis-a-vis the other equipment in the plant. These questions are significant to the selection and engagement factor in the test for independent contractors as set forth in Pitcher v. Hydro-Kem Services, Inc., supra, as well as in determining whether plaintiff's employment was or was not specialized so as to decide the statutory employee issue.
Because of these factual issues either in dispute or unanswered, "reasonable minds" cannot inevitably conclude the defendant is entitled to a judgment as a matter of law. Thus we find the summary judgment was inappropriately granted and a trial on the merits is warranted.
Accordingly, the judgment of the trial court is hereby reversed and the case is remanded for trial on the merits.
Defendant is ordered to pay the costs of the appeal.
REVERSED AND REMANDED.