769 So.2d 800 (2000)
Henry Brad TATE, Plaintiff-Appellant,
v.
Deborah L. PREWITT and the State of Louisiana, Defendants-Appellees.
No. 33,895-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 2000.
Rehearing Denied October 26, 2000.
*801 Clyde Lain, II, Monroe, Counsel for Appellant.
Brenda M. Howell, Monroe, Counsel for Appellees.
Before BROWN, GASKINS and DREW, JJ.
*802 GASKINS, J.
After the trial judge rendered a judgment against Henry Brad Tate for child support arrearage, he took no appeal, but instead filed a petition seeking nullity of the judgment based on fraud or ill practices. That petition was met with an exception of res judicata, which the trial court sustained. Mr. Tate appeals. For the reasons set forth below, we reverse the trial court judgment and remand for further proceedings.

FACTS
Henry Brad Tate and Deborah Prewitt are the parents of two minor children, David Adam Tate, born January 11, 1980, and Benjamin Cole Tate, born January 9, 1983. When the parties divorced, a judgment was entered ordering Mr. Tate to pay $300 per month in child support. Mr. Tate fell behind on his child support obligation. On March 17, 1993, he signed a voluntary act of surrender of the children. In this document, which was filed July 15, 1994, he purported to relinquish all interest in the children for the purpose of placement and adoption. According to Mr. Tate, Ms. Prewitt had remarried and informed him that her new husband would adopt the children. At the time the act of surrender was executed, it was stipulated that Mr. Tate owed $21,772.00 in child support. He made an assignment of any inheritance rights he might have to his parents' estates in satisfaction of that debt.
According to Mr. Tate, on November 16, 1994, an assistant district attorney for Ouachita Parish made a motion to suspend "until further notice" Mr. Tate's child support obligation, due to the impending adoption of the children. Mr. Tate also states a judgment was entered in conformity with the motion and the child support payments were suspended as of November 10, 1994.
In November 1997, the State of Louisiana and Ms. Prewitt filed a rule to collect child support and to fix arrearage, including the amount which would have accrued during the time the judgment was suspended. On the day of the hearing, Mr. Tate was unrepresented by counsel. Although Mr. Tate apparently thought a hearing officer would preside, the hearing officer was ill and a district judge presided. Mr. Tate informed the court that he planned to get counsel, but had been sick with the flu and had been unable to do so. He indicated he wanted to have counsel, but a motion for continuance was denied. Mr. Tate obviously was unprepared to defend himself, being unable to answer any questions about how much he owed, and having no evidence to present on his own behalf. Mr. Tate never mentioned the order suspending his child support obligation. The court then accepted evidence presented by the assistant district attorney, including testimony by Ms. Prewitt, as to the amount owed. She also denied telling Mr. Tate that he did not have to pay child support. The court indicated its intention to rule as requested by the state. Later that month, a judgment was rendered, finding Mr. Tate in arrears in the requested amount of $35,738.10.
In February 1998, through legal counsel, Mr. Tate filed a petition to annul the November 1997 judgment on grounds of fraud or ill practices. He alleged that he had relinquished his rights to the children upon Ms. Prewitt's request, in order for her new husband to adopt the children. He alleged that he had assigned his inheritance rights to his parents' estates in satisfaction of prior arrearage and that his child support obligation was suspended by court judgment in November 1994. Mr. Tate alleged that the November 1997 judgment for $35,738.10 in arrearage was rendered over his objections. He contended that the judgment was based upon fraud or ill practices and should be set aside.
Ms. Prewitt and the State of Louisiana filed a peremptory exception of res judicata. They argued that Mr. Tate filed the voluntary act of surrender without Ms. Prewitt's consent or permission and that *803 she never intended to institute adoption proceedings for the children. Ms. Prewitt alleged that Mr. Tate's signing of the voluntary act of surrender was solely his idea and was done to avoid his child support obligation. Ms. Prewitt also contends that the suspension of the child support order was done without notice to her and without her consent, rendering that judgment invalid. Ms. Prewitt alleged that on November 24, 1997, a judgment was rendered, finding Mr. Tate to be $35,738.10 in arrears in his child support obligation. That judgment became final January 5, 1998. Therefore, she argued that this matter is res judicata and Mr. Tate's present petition attacking that judgment should be dismissed.
A hearing was held on the exception on December 2, 1999. The state argued that Mr. Tate failed to perfect an appeal from the child support judgment against him and the present suit to annul that judgment for fraud or ill practices was a "back door" attempt to attack a final judgment. The state argued that the issues raised in the rule for child support arrearage and in the present suit are the same and therefore, the present action is res judicata. On December 14, 1999, the trial court signed a judgment sustaining the exception. The court noted that there is no way to correct the defect in the pleadings by amendment and Mr. Tate's action was dismissed with prejudice. Mr. Tate appealed.

RES JUDICATA
Louisiana's res judicata statute, La. R.S. 13:4231 provides in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Louisiana's original doctrine of res judicata was based on a presumption of correctness rather than an extinguishment of a cause of action. A decided case precluded a second suit only if it involved the same parties, the same cause and the same object of demand as the prior suit. Terrebonne Fuel and Lube, Inc. v. Placid Refining Company, 95-0654 (La.1/16/96), 666 So.2d 624. However, under La. R.S. 13:4231, as amended in 1991, a second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second action is based on the same cause of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. Terrebonne Fuel and Lube, Inc. v. Placid Refining Company, supra.
After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit. This promotes judicial efficiency and final resolution of disputes. A judgment determining the merits of a case is a final judgment. La. C.C.P. art. 1841; Tolis v. Board of Supervisors of Louisiana State University, 95-1529 (La.10/16/95), 660 So.2d 1206. The concept of res judicata should be rejected when doubts exist as to whether a plaintiff's substantive rights actually have *804 been previously addressed and finally resolved. Ebey v. Harvill, 26,373 (La. App.2d Cir.12/7/94), 647 So.2d 461. Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction to change the judgment. Mercury Aircraft Holdings, Inc. v. Elite Holdings, Inc., 32,709 (La.App.2d Cir.1/26/00), 750 So.2d 468.
According to La. C.C.P. art. 2004, any final judgment obtained by fraud or ill practices may be annulled. The jurisprudence sets forth two criteria to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances under which the judgement was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). The article is not limited to cases of actual fraud or intentional wrong-doing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of judgment would be unconscionable and inequitable. Kem Search, Inc. v. Sheffield, supra.
In the present case, we are dealing with issue preclusion under La. R.S. 13:4231(3). The issue of whether Mr. Tate owed child support arrearage was actually litigated and determined in the prior suit and its determination was essential to the judgment on arrearage. Mr. Tate now seeks to relitigate that issue by raising a defense that was available to him at the time of the prior hearing and judgment, but which he failed to raise.
Mr. Tate was present in court in 1997 when the issue of arrearage was litigated and, although the trial court denied his motion for continuance, he failed to indicate to the court in any way that his child support obligation had been suspended by court order. Instead, he stated that he did not know how much he had paid or how much he owed. When the court asked Mr. Tate if he had any evidence or testimony to present, he said he did not. The state then presented evidence showing that Mr. Tate owed $35,738.10 in past due child support. Ms. Prewitt testified that she never told her former husband that the support was not owed or that he did not have to pay it.
If this were purely a case where the defendant simply failed to put forth a sufficient defense, or the court made a legal error in awarding arrearage, we would affirm the granting of the exception of res judicata. See State, Through Department of Health and Human Resources, Office of Family Security, In Interest of Brown v. Beauchamp, 473 So.2d 323 (La.App. 1st Cir.1985), writ denied, 477 So.2d 1125 (La.1985). As stated therein, a nullity action for fraud or ill practices under La. C.C.P. art. 2004 is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary.
However, the instant case presents more than simple failure to adequately defend. Here a dispute exists over the facts leading up to the filing of the motion for suspension of the child support payments. It is not clear whether Mr. Tate or the district attorney's office moved for the order suspending child support payments. If the district attorney's office sought the order of suspension and then filed suit to collect arrearage that had been suspended, and also failed to inform the court of the suspension, especially where Mr. Tate was unrepresented by counsel and wanted a continuance, we conclude that Mr. Tate could have a cause of action for nullity or ill practices. See Kem Search, Inc. v. Sheffield, supra. Such a cause of action is *805 a separate remedy and thus is not properly the subject of an exception of res judicata. Therefore, the trial court erred in sustaining the exception in favor of Ms. Prewitt and the State of Louisiana.

CONCLUSION
For the reasons stated above, the judgment sustaining the exception of res judicata is hereby reversed and the matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.

APPLICATION FOR REHEARING Before BROWN, WILLIAMS, GASKINS, CARAWAY, and DREW, JJ.
Rehearing denied.