786 So.2d 167 (2001)
Lindy ROLAND,
v.
David OWENS, Frosty Treats Wholesale, Inc. and Zurich Insurance Company.
No. 00-CA-1846.
Court of Appeal of Louisiana, Fifth Circuit.
April 24, 2001.
*168 Louis A. Gerdes, Jr., New Orleans, LA, Attorney for Plaintiff/Appellant Lindy Roland.
Thomas E. Loehn, New Orleans, LA, Attorney for Defendants/Appellees David Owens and Frosty Treats Wholesale, Inc.
Thomas L. Gaudry, Jr., Thomas W. Darling, Gretna, LA, Attorneys for Defendant/Appellee Zurich Insurance Company.
Panel composed of Judges GOTHARD, CHEHARDY and SCHOTT, Pro Tempore.
GOTHARD, Judge.
The plaintiff appeals from a grant of summary judgment in favor of defendant insurance company, finding that a worker's compensation adjudication was res judicata to the plaintiffs tort suit. For the following *169 reasons, we affirm the decision of the trial court.
On November 12, 1996, plaintiff filed a petition for damages alleging that he was injured on July 18, 1996, when his vehicle was struck by a vehicle driven by David Owens, an employee of Frosty Treats Wholesale, Inc. Named as defendants in the suit were Frosty Treats Wholesale, Inc., (hereinafter "Frosty Treats"), David Owens, and The Zurich American Insurance Group (hereinafter "Zurich"), the liability insurer of Frosty Treats. Zurich answered and alleged that Frosty Treats was the statutory employer of plaintiff, and therefore plaintiff's remedy was in worker's compensation.
Plaintiff also filed a claim for worker's compensation on February 17, 1997, in which he alleges he was an employee of Frosty Treats. The worker's compensation claim proceeded to trial and on June 13, 2000, the worker's compensation judge found that Frosty Treats was the statutory employer of plaintiff and awarded benefits. A satisfaction of judgment, dated August 3, 2000, was filed into the record. No appeal was taken from that judgment.
On July 6, 2000, Zurich filed a motion for summary judgment in this (tort) suit. The summary judgment motion was heard on August 31, 2000 and on September 6, 2000 the trial court granted the motion for summary judgment. In granting the motion the trial court did not make a determination of plaintiff's status, holding instead that it was bound by the finding of the worker's compensation court that plaintiff was the statutory employee of Frosty Treats.
In this appeal, plaintiff appellant alleges that the trial court erred in granting the motion for summary judgment. The plaintiff alleges that it was error for the trial court to find that res judicata applies to prohibit litigation of the issue of whether plaintiff was the statutory employee of defendant Frosty Treats.
Effective January 1, 1991, the legislature amended La. R.S. 13: 4231 to provide in pertinent part that:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * *
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Prior to the 1991 amendment, a second case was precluded only if the prior case involved the same parties, the same cause and the same object of demand as the prior suit. Tate v. Prewitt, 33,895 (La.App. 2nd Cir.9/27/00), 769 So.2d 800. After the amendment to La. R.S. 13:4231, a second action is barred when it arises out of the occurrence which was the basis of the prior suit. "The central inquiry is not whether the second action is based on the same cause of action [as the prior litigation], but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action." Tate, supra at 803. Thus, by this amendment to La. R.S. 13:4231, the legislature adopted the principle of issue preclusion, which "serves the interest of judicial economy by preventing relitigation of the same issue between the same parties." Revision Comments; Terrebonne Fuel & Lube v. Placid Refining, 95-0654, 95-0671 (La.1/16/96), 666 So.2d 624. Under the revised R.S. 13:4231, "once a court decides an issue of fact or law necessary to its *170 judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties." Hudson v. City of Bossier, 33,620 (La.App. 2nd Cir.8/25/00), 766 So.2d 738, 743.
Identity of the parties is still a requirement for the application of the doctrine of res judicata. In Middleton v. Parish of Jefferson, 97-324 (La.App. 5th Cir.1/14/98), 707 So.2d 454, 456, we said:
... we have found there is nothing to suggest that identity of parties is no longer required for a bar of the second action, which does not mean the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity. (Citations omitted)
In the present appeal, there is no dispute that this suit in tort arose out of the same occurrence as the worker's compensation claim, namely the automobile accident of July 18, 1996. Plaintiff argues that there is no identity of parties, and that Zurich cannot enforce the doctrine of res judicata because it was not a party to the worker's compensation suit.
Zurich's insured, Frosty Treats, was the defendant in the worker's compensation claim and is the defendant in this suit for damages, and could have invoked the doctrine of res judicata had it so desired.[1] Zurich's involvement in this suit stems from its relationship as insurer of the defendant. "[T]he insured and the insurer not only share the same quality as parties, but in essence their identities are virtually merged into one, to the extent of the policy limits." Arthur v. Zapata Haynie Corp., 95-956 (La.App. 3rd Cir.1/22/97), 690 So.2d 86, 90. Allowing plaintiff to continue this suit against Frosty Treats, and Zurich, would result in the relitigation of the issue of whether plaintiff is a statutory employee of Frosty Treats, the exact issue that was litigated in the worker's compensation suit. The doctrine of res judicata bars such relitigation.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against plaintiff.
AFFIRMED.
NOTES
[1] Frosty Treats filed an appellee brief in this matter, supporting plaintiff's position and arguing that the trial court's judgment should be reversed. However, Frosty Treats did not appeal the judgment nor did it file an answer to the appeal, and so is not entitled to seek modification or reversal of the judgment.