| THIBODEAUX, Judge.
Defendant, John P. Underwood, appeals from a judgment of the trial court rendered in favor of plaintiff, McNichols Company, granting its exception of res judicata and granting McNichols’ petition to make two Florida judgments executory in Louisiana. For the following reasons, we affirm the judgment of the trial court.
I.

FACTS

In 1997, Underwood became a Louisiana salesperson for McNichols, a Florida-based company that sells products in Louisiana. In connection with his employment with McNichols, Underwood signed an employment contract entitled “Non-Competition and Non-Piracy Agreement (non-competition contract).” The non-competition contract was signed in Texas and Underwood continued to live and work in Louisiana. In January of 2000, Underwood informed McNichols that he was going to resign his position and begin working for another company, FLOWCOR Products, as a salesperson in Louisiana.
McNichols instituted suit in Florida, seeking to enforce the non-competition contract it entered into with Underwood pursuant to the law of Florida. Underwood failed to file an answer to McNichols’ Florida lawsuit; instead, Underwood filed a petition in the Nineteenth Judicial District Court in Baton Rouge, Louisiana, seeking a declaration that the non-competition contract he signed was unenforcea *414 ble and an injunction against McNichols’ enforcement of the contract. However, on April 80, 2000, prior to Underwood’s case being heard in the 19th JDC, McNichols obtained a default judgment in its Florida case against Underwood. The ^Florida judgment enjoined Underwood from working in any capacity for any company engaged in a business similar to that of McNichols’ business. Later, in October of 2000, the Florida court awarded McNi-chols attorney fees and costs against Underwood.
Meanwhile, McNichols filed an exception of no cause of action in Underwood’s 19th JDC case. The exception was granted after the April 2000 Florida judgment was rendered. The 19th JDC dismissed Underwood’s case. The 19th JDC trial judge found that the Florida court had jurisdiction to render its judgment and that it was entitled to full faith and credit in Louisiana. McNichols next filed an action in the Fifteenth Judicial District Court in Lafayette Parish, Louisiana, seeking to make the Florida injunction and money judgments executory in Louisiana. In response, Underwood filed an answer and alternative motions to vacate and/or stay the enforcement of the Florida judgment. As he did in the 19th JDC case, Underwood challenged the validity of the Florida judgments against him. In response to Underwood’s answer challenging the validity of the Florida judgment, McNichols filed an exception of res judicata, based on the decision rendered earlier by the 19th JDC.
The court in the 15th JDC granted McNichols’ exception of res judicata and denied Underwood’s motions to vacate and/or stay the enforcement of the Florida judgment. The trial court in the 15th JDC also granted McNichols’ petition to make the two Florida judgments executory in Louisiana. This appeal by Underwood followed.
Jail.

LAW AND DISCUSSION

Essential to this case is an analysis of La.R.S. 13:4231. It provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
For purposes of res judicata, comment (d) of La.R.S. 13:4231 provides that a final judgment is “a judgment that disposes of the merits in whole or in part. The use of the phrase ‘final judgment’ also means that the preclusive effect of a judgment attaches once the final judgment has been signed by the trial court and would bar any action filed thereafter unless the judgment is reversed on appeal.” (Emphasis added). Furthermore, La.Code Civ.P. art. 1841 also states that “[a] judgment that determines the merits in whole or in part *415 is a final judgment.” We note that the comments to La.R.S. 13:4231 does not limit the definition of final judgment |4to a judgment where appeal delays have run. It clearly states that a judgment is final between the parties once it is signed by the trial court.
Tate v. Prewitt, 33,895, p. 4 (La.App. 2 Cir. 9/27/00); 769 So.2d 800, 803, writ denied, 00-3203 (La.1/26/01); 781 So.2d 1265, offers an historical background of res judi-cata in Louisiana as follows:
Louisiana’s original doctrine of res ju-dicata was based on a presumption of correctness rather than an extinguishment of a cause of action. A decided case precluded a second suit only if it involved the same parties, the same cause and the same object of demand as the prior suit. Terrebonne Fuel and Lube, Inc. v. Placid Refining Company, 95-0654 (La.1/16/96), 666 So.2d 624. However, under La.R.S. 13:4231, as amended in 1991, a second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second action is based on the same cause of action, but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action.
It is clear that a second action was instituted in the 15th JDC based on the non-competition contract Underwood signed with McNiehols. It is equally clear that in response to McNiehols’ action to have the Florida judgment against Underwood made executory in Louisiana in the 15th JDC, Underwood asserted the same arguments he asserted in the declaratory action he filed earlier in the 19th JDC, based upon the same non-competition contract. The trial court in the 19th JDC had already signed a judgment with respect to Underwood’s declaratory action in favor of McNiehols.
In support of his position, Underwood relies upon Avenue Plaza, LLC v. Falgoust, 96-0173, p. 4 (La.7/2/96); 676 So.2d 1077, 1079 and, in part, quotes from that case as follows:
_J_gR.es judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. It promotes judicial efficiency and final resolution of disputes. Terrebonne Fuel & Lube v. Placid Refining, 95-0654, 95-0671, pp. 11-12 (La.1/16/96); 666 So.2d 624, 631. A judgment determining the merits of a case is a final judgment. La.C.C.P. art. 1841. See also, Tolis v. Board of Sup’rs of Louisiana State University, 95-1529 (La. 10/16/95); 660 So.2d 1206. A valid and final judgment is conclusive between the same parties, except on appeal or other direct review. LSA R.S. 13:4231.
Underwood especially relies upon the following language from Avenue Plaza:
A final judgment from which there can be no appeal acquires the authority of the thing adjudged. La.C.C. art. 3506(31). Once a final judgment acquires the authority of a thing adjudged, no court has jurisdiction to change the judgment, regardless of the magnitude of the final judgment’s error.
Id. at p. 5,1079.
We find that Underwood’s reliance on Avenue Plaza is misplaced in that it more appropriately supports the 15th JDC’s decision to grant McNiehols’ exception of res judicata. It appears from the quoted language that the court makes a distinction between a final judgment and a final judgment that becomes “a thing adjudged.” There must first be a final judgment before it becomes “a thing adjudged.” For purposes of res judicata, the statute and Avenue Plaza make clear that it is neces *416 sary that there only be a final judgment in order for res judicata to apply, and that the final judgment need not acquire the authority of a thing adjudged. We interpret the rule in Avenue Plaza with respect to res judicata and a final judgment being “conclusive between the same parties, except on appeal or other direct review” as meaning that a case on appeal has already been litigated at the trial court level and is not a second suit but the same suit; thus, res judicata would not apply between the same parties, but is applicable should one of the parties file a second suit at the trial court level to \Rbe litigated based on the same transaction or occurrence of the first suit filed at the trial court level. In other words, McNichols could not file an exception of res judicata against Underwood in the 19th JDC action pending on appeal because, as between the parties, res judi-cata is inapplicable. However, in a second suit filed at the trial court level, it was proper for McNichols to raise the exception of res judicata when Underwood attempted to defend against the 15th JDC action by asserting the same arguments in his defense as he asserted in the 19th JDC action. Therefore, we find that the trial court was correct in granting McNichols’ exception of res judicata. Because we find that the 15th JDC did not err in granting McNichols’ exception of res judicata, it is unnecessary for this court to address Underwood’s remaining assignments of error.
All costs are assessed against John P. Underwood.
AFFIRMED.