| | | |
|---|---|---|
| **RICO LEWIS AND KIM LEWIS** | * | **NO. 2021-CA-0476** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **ERIN WIEBER, PROGRESSIVE DIRECT INSURANCE COMPANY, ACME TRUCK LINE, INC., AND XYZ INSURANCE COMPANY** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * * * * * * * | |

**CONSOLIDATED WITH:**                    **CONSOLIDATED WITH:**

**ERIN WIEBER, WIFE OF/AND SCOTT WIEBER, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN MACKENZIE WIEBER AND AIDAN WIEBER, AND BRENNAN WIEBER**

**NO. 2021-CA-0477**

**VERSUS**

**ACME TRUCK LINE, INC., RICO LEWIS, JR., HUDSON INSURANCE COMPANY, ABC INSURANCE COMPANY AND XYZ INSURANCE COMPANY**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-04835, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Pro Tempore Judge Madeline Jasmine**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Edwin A. Lombard, Pro Tempore Judge Madeline Jasmine)

Michael C. Ginart, Jr.
Joyce D. Young
Nicholas N.S. Cusimano
John C. Ginart
LAW OFFICES OF MICHAEL C. GINART, JR. & ASSOCIATES
2114 Paris Road
Chalmette, LA 70043

        COUNSEL FOR PLAINTIFF/APPELLANT

S. Daniel Meeks
Laurence R. DeBuys, IV
Kristen E. Meeks
MEEKS & ASSOCIATES, LLC
3401 West Esplanade Avenue South, Suite 3
Metairie, LA 70002


COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**JULY 6, 2022**

*MJ*

*TFL*

*EAL*

In this personal injury suit, plaintiff Kim Lewis ("Mrs. Lewis") seeks appellate review of the trial court's granting of summary judgment in favor of Defendant Acme Truck Line, Inc. ("Acme").

On appeal, we find Mrs. Lewis' workers' compensation settlement was dispositive of her employment status at the time of the motor vehicle accident; thus, as an employee of Acme, Mrs. Lewis' exclusive remedy against Acme was in workers' compensation. Moreover, in that the doctrine of *res judicata* applies where there is a compromise or settlement, we find, for the reasons addressed herein, that Mrs. Lewis is barred from recovering against Acme in tort. Accordingly, we affirm the trial court's judgment granting summary judgment in favor of Acme.

## *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

1

On December 12, 2018, defendant Erin Wieber ("Ms. Wieber") drove her vehicle into a tractor-trailer rig, driven by plaintiff Rico Lewis ("Mr. Lewis") and in which Mr. Lewis' wife, Mrs. Lewis, was a passenger. At the time of the incident, both Mr. and Mrs. Lewis were employed by Acme, and Acme leased the tractor-trailer owned by Mr. Lewis.

As a result of the accident, the Lewis' claimed they suffered bodily injuries. In January 2019, the Lewises filed a workers' compensation claim against Acme and its insurer, Continental Indemnity Company ("Continental") for benefits for injuries they allegedly sustained in connection with the December 2018 accident. In May 2019, the Lewises filed a separate civil action, asserting negligent tort claims against Ms. Wieber and Acme.

During the pendency of the civil suit, in July 2019, a Joint Petition to Compromise Disputed Claim for Workers' Compensation Benefits ("Petition to Compromise") was filed in the workers' compensation case on behalf of Mrs. Lewis[1], Acme, and its insurer Continental. In conjunction with the Petition to Compromise, Mrs. Lewis executed a Receipt, Release and Indemnification Agreement ("Release"). Pursuant to the Petition to Compromise, Mrs. Lewis settled her workers' compensation claim against Acme for $35,000.00 in exchange for a release of all claims against Acme. The workers' compensation judge approved the compromise and settlement and entered a judgment of dismissal on

---

[1] Although Mrs. Lewis states that the Petition to Compromise was entered into between Acme and both her and her husband, the record reflects that the compromise was entered into between Mrs. Lewis and Acme.

July 29, 2019, dismissing Mrs. Lewis' claims with prejudice. Mrs. Lewis did not appeal the judgment of dismissal.

Thereafter, in November 2020, Acme filed a motion for summary judgment in the civil suit, alleging Mrs. Lewis' tort claims should be dismissed because: (1) as an employee of Acme, Mrs. Lewis' exclusive remedy against Acme was in workers' compensation; and (2) the approved settlement in the workers' compensation case ("the Settlement") was dispositive of the issue of Mrs. Lewis' employment status; therefore, *res judicata* barred Mrs. Lewis from pursuing a tort action against Acme. Mrs. Lewis filed an opposition, and in March 2021, a hearing was held on Acme's motion for summary judgment. On April 14, 2021, the trial court granted summary judgment in favor of Acme and against Mrs. Lewis.[2] It is from this ruling, Mrs. Lewis seeks appellate review.

### STANDARD OF REVIEW

We apply a *de novo* standard of review in examining a trial court's ruling on summary judgment. *Hare v. Paleo Data, Inc.*, 11-1034, p. 9 (La. App. 4 Cir. 4/4/12), 89 So.3d 380, 387. Accordingly, we use the same criteria that governs a trial court's consideration of whether summary judgment is appropriate. *Id.* "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "Factual inferences reasonably drawn from the evidence must be

---

[2] This Court ordered the trial court to amend its judgment because it lacked the necessary decretal language indicating the name of the party against whom the relief was awarded in addition to the relief that was awarded. The trial court signed an amended judgment on April 21, 2022, and filed proof of compliance with this Court on or about May 18, 2022.

construed in favor of the party opposing the motion and all doubts must be resolved in the opponent's favor." *Fiveash v. Pat O'Brien's Bar, Inc.*, 15-1230, p. 7 (La. App. 4 Cir. 9/14/16), 201 So.3d 912, 917 (quoting *Quinn v. RISO Investments, Inc.*, 03-0903, p. 3 (La. App. 4 Cir. 3/3/04), 869 So.2d 922, 926). In "determining whether an issue is genuine*,* courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence." *Id.* (quoting (quoting *Quinn*, 03-0903, p. 3-4, 869 So.2d at 926).

La. C.C.P. art. 966(D)(1) governs the mover's burden on a motion for summary judgment:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

*Id.*

## DISCUSSION

Mrs. Lewis raises two assignments of error on appeal. First, she claims the trial court erred in finding that the Settlement in the workers' compensation case is dispositive of her employment status at the time of the accident. Second, Mrs. Lewis avers that the trial court erred when it found *res judicata* barred her tort claim against Acme.

*Effect of the Settlement*

4

"To recover in a workers' compensation action, the claimant must establish 'personal injury by accident rising out of and in the course and scope of his employment.'" *Gibson v. Wal-Mart La., LLC*, 20-0033, p. 2 (La. App. 4 Cir. 8/27/20), --So.3d --, 2020 WL 5078504, *5 (quoting *Lenig v. Textron Mar. & Land Systems*, 13-0579, p. 6 (La. App. 4 Cir. 8/7/13), 122 So.3d 1097, 1100). The determination of whether an injury occurred in the course and scope of employment is a mixed question of law and fact. *J.C. on Behalf of N.C. v. St. Bernard Parish Sch. Bd.*, 21-0111, p. 12 (La. App. 4 Cir. 2/4/22), 336 So.3d 92, 100, *writ denied*, 22-00372 (La. 4/26/22), -- So.3d --, 2022 WL 1222776.

In the workers' compensation proceedings, Mrs. Lewis obtained a settlement from Acme based on her admission that she was in the course of her employment at the time of the accident. In the instant civil suit, however, Mrs. Lewis takes the contrary position that at the time of the accident, she was not acting within the course of her employment with Acme, but merely accompanying her husband. Mrs. Lewis claims the trial court erroneously found her admissions in the workers' compensation case dispositive of her employment status. In support of her claim, Mrs. Lewis directs this Court to *Dye v. Ipik Door Co., Inc.*, 570 So.2d 477, 479 (La. App. 5th Cir. 1990) and *Harris v. State ex rel. Dep't of Pub. Safety & Corr.*, 05-2647 (La. App. 1 Cir. 11/3/06), 950 So.2d 795.

In *Dye,* the plaintiff received workers' compensation benefits for injuries sustained after he was electrocuted while performing repair work on the defendant's premises. *Id.*, 570 So.2d at 478. The plaintiff also filed a suit for tort

5

damages relating to his injuries. *Id.* The trial court granted defendant's motion for summary judgment, and on appeal, the Fifth Circuit reversed. The issue in *Dye* was whether the plaintiff's acceptance of workers' compensation benefits barred him from pursuing an action in tort.

Similarly, in *Harris*, the plaintiff, a respiratory therapist, began receiving workers' compensation benefits after she was attacked in the hospital parking lot on her way to work. *Id.,* 05-2647, p. 3, 950 So.2d at 798. The plaintiff filed a civil suit, alleging intentional tort by the defendant inmate, who had escaped the hospital before he attacked her, and negligence on the part of other named defendants, including the Department of Public Safety and Corrections ("DPSC"). *Id.* Although the plaintiff received workers' compensation benefits, she did not file suit against her employer pursuant to the Workers' Compensation Act. DPSC moved for summary judgment, arguing that the plaintiff's "exclusive mode of recovery" was in workers' compensation, not tort litigation. *Id.*

*Dye* and *Harris* both held that acceptance of benefits does not constitute the recipient's admission or confession of employment status at the time the recipient sustained injuries. Mrs. Lewis contends that *Dye* and *Harris* are applicable because the plaintiffs received workers' compensation benefits and were also permitted to seek an action in tort for damages against the defendant who paid the benefits.

In granting Acme's motion for summary judgment, the trial court disagreed with the assertion that *Dye* and *Harris* are analogous to the present matter. The

6

trial court noted that the issue in *Dye* and *Harris* involved the acceptance of workers' compensation benefits, not, as presented here, the full and final settlement of a workers' compensation claim. We agree.

The present case is factually distinguishable from *Dye* and *Harris*. Unlike Mrs. Lewis, the plaintiffs in *Dye* and *Harris* did not file formal workers' compensation claims against their employers in workers' compensation court. The plaintiffs did not file pleadings, under oath, representing that he or she was in the course and scope of his or her employment at the time of their injuries. Moreover, they did not obtain a final judgment of dismissal approving a settlement of their workers' compensation claims based on the plaintiffs' status as employees of the defendants and being injured in the course of their employment.

Mrs. Lewis further asserts that determination of her employment status calls for a legal conclusion that the court must decide based on the facts of the case; therefore, any opinion Mrs. Lewis or Acme has relating to her employment status at the time of the accident is irrelevant. Because the parties settled the workers' compensation claim, and the trial court found the Settlement dispositive of her employment status, Mrs. Lewis avers that no court has conducted a proper analysis to determine whether she was in the course and scope of her employment at the time of the accident.[3] According to Mrs. Lewis, had the trial court conducted the proper analysis, it would have found that she was not acting in the course and

---

[3] To the extent Mrs. Lewis argues the workers' compensation court erred in confirming the compromise and settlement of her workers' compensation claim without conducting an independent analysis on the issue of her employment status, we find the issue is not properly before us. The workers' compensation court entered a Judgment of Dismissal on July 29, 2019. Mrs. Lewis did not appeal the judgment and therefore, the judgment is final.

scope of her employment at the time of the accident; and therefore, it would have also found summary judgment inappropriate.

Acme maintains, however, that the trial court did, in fact, conduct the proper legal analysis in that the trial court reviewed the evidence submitted on summary judgment and determined the issue of Mrs. Lewis' employment status was *res judicata*. Acme asserts that the Petition for Compromise, the Release, and Mrs. Lewis' Answers to Interrogatories establish that Mrs. Lewis "unequivocally" stated she was in the course and scope of her employment.

The Petition for Compromise stated that "[o]n December 12, 2018, while working within the course and scope of her employment with Acme Truck Line, Inc., [Mrs. Lewis] was a passenger in Rico Lewis' vehicle." In connection with the Petition for Compromise, Mrs. Lewis executed an affidavit certifying that all the facts alleged in the Petition to Compromise were true and correct to the best of her knowledge, information, and belief. Similarly, the Release, which she also personally executed, states that "[Mrs. Lewis] acknowledges that she was working within the course and scope of her employment with Acme Truck Line, Inc. when the subject accident occurred…." In her Answers to Interrogatories, Mrs. Lewis indicated again that she was acting in the course and scope of her employment. Moreover, she detailed the duties she performed in connection with her employment. Mrs. Lewis stated, "[o]n December 12, 2018, [she] wrote up the paper work, helped secure the load, fueled the truck, and communicated with terminal 37. . . ."

Mrs. Lewis suggests that the multiple admissions she made as to her employment status are inconsequential. We disagree. Such a position not only ignores the multiple assertions made in the workers' compensation proceedings upon which the Settlement was based, but it also ignores the express language of Louisiana's Workers' Compensation Act.

In general, under the Louisiana Workers' Compensation Act, an employee's exclusive remedy against his employer is workers' compensation benefits. *See* La. R.S. 23:1032(A). Subsection (A)(1)(a) states:

> Except for intentional acts provided for in Subsection B, *the rights and remedies herein granted to an employee…* for which he is entitled to compensation under this Chapter, *shall be exclusive of all other rights, remedies, and claims for damages…*

La. R.S. 23:1032(A)(1)(emphasis added). The statute was amended in 1989, and added subsection (A)(1)(b), which provides that "[t]his exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine." La. R.S. 23:1032(A)(1)(b) The Louisiana Supreme Court explained Louisiana's Workers' Compensation Act as follows:

> Under the workers' compensation law, the employee relinquishes his right to be made whole in a civil suit, while the employer cedes his available tort defenses. *Deshotel v. Guichard Operating Co., Inc.*, 03–3511 (La. 12/17/04), 916 So.2d 72, 77. Generally speaking, the workers' compensation regime represents a quid pro quo compromise of interests, whereby "the employee receive[s] an absolute right to recover limited benefits in exchange for the employer's tort immunity." *See Harris v. State, Dept. of Public Safety & Corrections*, 05–2647 (La. App. 1 Cir. 11/3/06), 950 So.2d 795, 799, *writ denied*, 06–2817 (La. 3/9/07), 949 So.2d 440.

*Benoit v. Turner Indus. Grp., L.L.C.*, 11-1130, p. 7 (La. 1/24/12), 85 So.3d 629, 634.

In this civil suit, Mrs. Lewis alleges that Acme was negligent and at fault for: (1) failing to provide a safe working environment; (2) failing to adequately supervise and maintain its property; (3) failing to provide adequate policies and procedures for the safety of those on its property; (4) failing to follow the policies and procedures in place to provide for the safety of those on its property; and (5) any and all other acts of negligence that may be proven at trial. However, Louisiana courts have consistently held that the legislature intended La. R.S. 23:1032 "to exclude all non-intentional tort claims of an employee against an employer for injuries, *including those that resulted from the conditions of the employer's leased premises.*" *Sam v. Villavaso, unpub.*, 06-0908, p. 3, (La. App. 4 Cir. 11/2/06), 2006 WL 6913029 *3 (emphasis added); *See also Bates v. King*, 04-1591 (La. App. 3 Cir. 4/6/05), 899 So.2d 202; *Dufrene v. Ins. Co. of State of Pa.*, 01-47 (La. App. Cir. 5 Cir. 5/30/01), 790 So.2d 660; *Martin v. Stone Container Corp.*, 31,544 (La. App. 2 Cir. 2/24/99), 729 So.2d 726; *and Douglas v. Hillhaven Rest Home, Inc.*, 97-0596 (La. App. 1 Cir. 4/8/98), 709 So.2d 1079.

We further note that as a matter of policy, to permit an employee to recover against her employer pursuant to the workers' compensation act by way of settlement, and then later dispute her employment status for the purpose of recovering additional damages in tort offers no incentive for employers to settle an

employee's workers' compensation claim. Additionally, such a scenario frustrates the legal efficacy of the law of compromise and settlement.

Mrs. Lewis avers that Acme relies on the Settlement to shield itself in this civil suit because whether she was in the course and scope of her employment is a fact issue. She notes that Acme cannot produce any payroll records for the days prior to and including the date of the accident. She further claimed that she did not have a license to drive a tractor trailer, like the one involved in this accident. She alleges that she was simply a passenger on the date of the accident and did not help Mr. Lewis in any material way. Furthermore, Mr. Lewis was the only one paid for the trip.

Nevertheless, this case is distinguishable from the cases Mrs. Lewis cites. In *Dye* and *Harris*, there was no settlement or order approving settlement like in this case. Mrs. Lewis, while represented by counsel in the workers' compensation proceedings, made multiple assertions that she was in the course and scope of her employment at the time of the accident. She acknowledged that she understood the Release she signed, and that by signing the Release she was waiving all claims she had or may have against Acme. Consequently, the workers' compensation judge entered an order of approval and judgment of dismissal based on Mrs. Lewis' statements as to her employment status and her acknowledgment that she understood the contents of the Settlement and the legal effects of settling her workers' compensation claim. The order of approval also included a reservation by Acme of its immunity defense pursuant to La. R.S. 23:1032, in the event Mrs.

11

Lewis sought remedies in tort. The July 29, 2019 judgment of dismissal, dismissed Mrs. Lewis' claims with prejudice.

Mrs. Lewis did not appeal the judgment of dismissal, and therefore, it became a final, valid judgment. The Louisiana Workers' Compensation Act provides the exclusive remedy for an employee against her employer where the terms of the statute are met. Pursuant to La. R.S. 23:1032, Mrs. Lewis' remedy was limited to workers' compensation. Thus, Mrs. Lewis was precluded from asserting claims against Acme in tort when she entered into the court approved settlement.

We find the trial court was correct to find Mrs. Lewis' employment status was established pursuant to the Settlement in the workers' compensation case.

*The Doctrine of Res Judicata*

Mrs. Lewis next contends that the trial court erred in finding that the doctrine of *res judicata* barred her tort claims against Acme. Specifically, Ms. Lewis argues that the doctrine of *res judicata* does not apply to her tort action because: (1) the parties do not appear in the same capacities in both actions; and (2) the "thing demanded" is not the same.

"In general, the doctrine of *res judicata* precludes re-litigation of claims and issues arising out of the same circumstances when there is a final judgment." *R&N Ursuline Family Ltd. P'ship v. Pas a Vendre*, *LLC*, 17-0646, p. 4 (La. App. 4 Cir 5/19/18), 294 So.3d 1, 3. The following elements must be satisfied to invoke the doctrine of *res judicata* and bar a second action:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit

existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arise out of the transaction or occurrence that was the subject matter of the first litigation.

*Schiff v. Pollard*, 16-0801, p. 9-10 (La. App. 4 Cir. 6/28/17), 222 So.3d 867, 875.

Pursuant to La. R.S. 13:4231(1), "[i]f the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment." This Court explained that "while ordinarily premised on a final judgment, the doctrine of *res judicata* also applies where there is a compromise or settlement of a disputed claim or matter that has been entered into between the parties." *Joseph v. Huntington Ingalls Inc.*, 18-02061, p. 3 (La. 1/29/20), -- So.3d --, 2020 WL 499939, *3 (citing *Ortego v. State, Dept. of Transp. and Development*, 96-1322, p. 7 (La. 2/25/97), 689 So.2d 1358, 1363). Thus, "a compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised." La. C.C. art. 3080.

It is undisputed that the workers' compensation order of approval and judgment of dismissal is a valid and final judgment. Therefore, we determine whether the remaining elements to invoke the doctrine of *res judicata* are met in this case.

<u>Identity of Parties</u>

The third requirement of *res judicata* is that the parties in both suits must be the same. There must be "identity of parties" in order to find the doctrine of *res judicata* will preclude a subsequent suit. *Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1054. "This requirement does not mean that the

parties must have the same physical identity, but that the parties must appear in the same capacities in both suits." *Id.*

In *Burguieres*, the testator's children brought an action to annul a probated testament against the testator's sister in her capacity as the executrix of her brother's succession. *Id.*, 02-1385, p. 11, 843 So.2d at 1055. The testator's children later sued the testator's sister and her husband for breach of fiduciary duties that occurred prior to the testator's death and allegedly tortious acts committed as executrix. *Id.* The Louisiana Supreme Court held that because the second suit involved the sister's actions before the testator died, the second suit did not implicate her in her capacity as executrix of her brother's succession. *Id.* "Because of this difference in capacities, there is a lack of identity of the parties between the two suits." *Id.*, 02-1385, p. 12, 843 So.2d at 1056.

Mrs. Lewis claims that *res judicata* does not apply because she did not sue Acme in the same capacity in the instant lawsuit as in the workers' compensation case.[4] Mrs. Lewis argues that she sued Acme as her employer in the workers' compensation case. By contrast, she contends that she sued Acme, in this civil suit, for its failure to have adequate policies and procedures in place to provide for the safety of those on its property and its failure to adequately supervise and maintain its property. As previously mentioned, however, courts have routinely held that the legislature intended La. R.S. 23:1032 to limit the injured employee's

---

[4] Acme argues that Mrs. Lewis never specifically argued in the trial court that *res judicata* does not apply because she sued Acme in different capacities; thus, Acme asserts that Mrs. Lewis is precluded from challenging the application of *res judicata* on appeal. This Court has held, that "the appellate court may consider an issue that is raised for the first time on appeal if its resolution is necessary to render a just, legal and proper judgment." *Keeping Our Legacy Alive, Inc. v. Cent. St. Matthew United Church of Christ*, 17-1060, p. 13 (La. App. 4 Cir. 10/31/18); 318 So.3d 130, 138 (internal quotation omitted). The Official Revision Comments of La. C.C. art. 2164 also state that "the appellate court has complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below." *Id.*, 17-1060, p. 14, 318 So.3d at 138-39 (internal quotation omitted).

14

remedy to workers' compensation for all non-intentional tort claims against an employer, "including those that resulted from the conditions of the employer's leased premises." *Sam*, *unpub.*, 06-0908, p. 3, 2006 WL 6913029 *3.

A review of the Petition to Compromise and the Petition for Damages demonstrate that Mrs. Lewis sued Acme in both actions in its individual capacity as a trucking company for its allegedly tortious actions and/or inactions committed on December 12, 2018.

Additionally, Mrs. Lewis asserts that the parties in the workers' compensation case are different from those in the present civil suit. She states that in the workers' compensation case she sued Acme's workers' compensation carrier, Continental; whereas, in her civil suit she sued Acme's liability carrier, Hudson Insurance Company ("Hudson"). Mrs. Lewis claims there is no identity of parties because Hudson was not a party to the workers' compensation suit.

This same argument was rejected by the appellate court in *Roland v. Owens*, 00-1846 (La. App. 5 Cir. 4/24/01), 786 So.2d 167. In *Roland*, the Fifth Circuit concluded that the insurer's involvement stemmed from its relationship as the insurer of the defendant. *Id.*, 00-1846, p. 5, 786 So.2d at 170. The court in *Roland* held that "the insured and the insurer not only share the same quality as parties, but in essence their identities are virtually merged into one, to the extent of the policy limits." *Id.* (quoting *Arthur v. Zapata Haynie Corp.*, 95-956 (La. App. 3rd Cir. 1/22/97), 690 So.2d 86, 90). In this case, Acme and Hudson, as Acme's liability carrier, "share the same quality as parties" for the purpose of *res judicata*. Therefore, we find no merit to Mrs. Lewis' argument that *res judicata* does not apply because Hudson was not a party to the workers' compensation suit.

<u>The Second Action Asserts a Cause of Action Arising out of the Transaction
or Occurrence which was the Subject Matter of the First Action</u>

Finally, Mrs. Lewis claims *res judicata* does not apply because the damages sought in the workers' compensation case are not the same as in the tort action. According to Mrs. Lewis, her workers' compensation claim sought damages for medical expenses and loss of earnings, whereas in the tort action, she sought damages for past, present, and future physical and mental pain and suffering. Because workers' compensation law does not allow plaintiffs to demand the same relief, Mrs. Lewis avers that the quality of her demands cannot be considered the same. In support, Mrs. Lewis relies on *Dornak v. Lafayette Gen. Hosp.*, 399 So.2d 168 (La. 1981). Acme correctly notes that Mrs. Lewis' reliance on *Dornak* is misplaced in that the proposition for which Mrs. Lewis cites *Dornak* is based on an earlier and outdated version of La. R.S. 13:4231. Therefore, *Dornak* has no bearing on the instant matter.

Prior to La. R.S. 13:4231's revision in 1990, a "second action would be barred by the defense of res judicata only when the plaintiff [sought] the same relief based on the same cause or grounds." *See* La. R.S. 13:4231—Official Revision Comments (a)(1990). This interpretation of *res judicata* was determined to be "too narrow to fully implement the purpose of res judicata which is to foster judicial efficiency and also to protect the defendant from multiple lawsuits." *Id.*

La. R.S. 13:4231 was amended to eliminate the requirement that the relief demanded be the same. *Burguieres*, 02-1385, p. 7, 843 So.2d at 1053. Specifically, La. R.S. 13:4231 was amended to include "all causes of action…arising out of the transaction or occurrence that is the subject matter of the litigation." *See* La. R.S. 13:4231. The inquiry is "whether the second action

16

asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action." La. R.S. 13:4231—Official Revision Comments (a)(1990). The official comments further state:

> For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action.

*Id.*

In the Petition for Compromise that Mrs. Lewis filed in the workers' compensation suit, Mrs. Lewis stated:

> On December 12, 2018, while working within the course and scope of her employment with Acme Truck Line, Inc., Claimant was a passenger in Rico Lewis' vehicle. As they were attempting to make a U-turn, their vehicle was struck by another vehicle. As a result of this collision, Claimant alleges she suffered injuries including headaches, neck pain, back pain, knee pain, and left shoulder pain.

Subsequently, Mrs. Lewis filed a civil suit, alleging she sustained injuries arising out of the same occurrence on December 12, 2018. In her Petition for Damages, Mrs. Lewis detailed the following:

> On or about December 12, 2018, Petitioner RICO LEWIS, was driving an 18-wheeler tractor-trailer for ACME TRUCK LINE, INC. when he was turning onto private property. At the time, KIM LEWIS, was a passenger in the 18-wheeler tractor trailer. At or around the same time, Defendant ERIN WIEBER was driving northbound on Paris Road when suddenly and without warning she struck the 18-wheeler tractor-trailer containing RICO LEWIS and KIM LEWIS at a high rate of speed.

The December 12, 2018 accident is the subject matter of both Mrs. Lewis' workers' compensation suit and the subject matter of the present action in tort. Therefore, the requirement that the cause of action asserted in Mrs. Lewis' civil suit arise out of the same occurrence as the subject matter of her workers' compensation suit has been met.

17

The record reflects that the requirements of *res judicata* are satisfied in this case considering: the July 29, 2019 judgment is a valid and final judgment; the parties are the same;  the causes of action asserted in the present tort action existed on July 29, 2019, when the workers' compensation judge issued the judgment of dismissal in the first litigation filed by Mrs. Lewis; and the causes of action asserted in this litigation arose out of the same transaction or occurrence that was the subject of the workers' compensation suit. Thus, we find the trial court did not err when it determined that *res judicata* precludes Mrs. Lewis from asserting a claim in tort.

### *DECREE*

For the above reasons, we find the trial court properly granted Acme's motion for summary judgment.  Accordingly, we affirm the trial court's granting of summary judgment as reflected in the April 14, 2021 judgment, as amended on April 21, 2022.[5]

**AFFIRMED**

---

[5] *Supra*, footnote 2.