# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-326

## CITY OF CARENCRO

## VERSUS

## ACADIANA WATER AND SEWER, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20171815
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## SYLVIA R. COOKS
## JUDGE
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy H. Ezell, and John E. Conery, Judges.

**AFFIRMED.**

John S. Irion, Jr.
Jerry L. Mallet
1030 Lafayette St.
P.O. Box 3412
Lafayette, LA 70502-3412
(337) 233-0505
COUNSEL FOR PLAINTIFF/APPELLANT:
    City of Carencro

Theodore G. Edwards, IV
Davidson, Meaux, Sonnier, McElligott, Fontenot, Gideon & Edwards, LLP
810 South Buchanan St.
Lafayette, LA 70502-2908
(337) 237-1660
COUNSEL FOR DEFENDANT/APPELLEE:
    Acadiana Water and Sewer, Inc.

**COOKS, Judge.**

This appeal involves the City of Carencro's providing of water and sewer services to Acadiana Water and Sewer, Inc., for use by the residents of Markridge Park Subdivision from January of 2013 through April of 2017.

The pertinent facts at issue begin in the late 1970's when AAA Brick Company, Inc. developed the Markridge Park Subdivision in Carencro, Louisiana. Over the years, Markridge Park underwent several phases and extensions. In building the subdivision, a main sewer line was constructed by AAA Brick that ran through Markridge Park. Residents of Markridge Park received sewage treatment and water service from the City of Carencro for which they were billed. AAA Brick owned a water and sewer plant that provided water and sewage services to Extensions III and IV of Markridge Park. However, the lots in Extension II of Markridge Park were not connected to sewer lines that would have allowed sewage treatment by AAA Brick's plant. AAA Brick was able to provide water service to Extension II homes.

In 1985, AAA Brick filed a suit in the Fifteenth Judicial District Court against Carencro, seeking to recover its construction costs for the public water system it built.[1] Carencro filed a reconventional demand against AAA Brick for what it termed an unauthorized connection of AAA Brick's water and sewage system to Carencro's water and sewage system. In its reconventional demand, Carencro alleged it provided water and sewage service from 1979 through 1984 for which it received no payment. Carencro asserted it was entitled to $7,506.00 for these alleged services.

In 1987, the parties settled the 1985 lawsuit and executed a document entitled "Compromise of Lawsuit." As a result, the 1985 lawsuit was dismissed by joint

---

[1] The suit was captioned "*AAA Brick Company, Inc. v. The Town of Carencro*, Civil Suit Number 85-039, Division F, 15th Judicial District Court, Parish of Lafayette, State of Louisiana."

2

motion of the parties. AAA Brick received $12,500.00 from Carencro for which AAA Brick agreed to release Carencro from "any further liability resulting from the construction of the water line(s) in Markridge Park. . . as well as the costs incurred by" AAA Brick. It was also agreed by the parties that Carencro would release AAA Brick "forever from any and all claims for water and/or sewer services furnished, relating to, or connected with Markridge Park Extension II."

In 1989, John Pomier, the sole owner of Acadiana Water and Sewer, Inc. purchased the water and sewer plant from AAA Brick. In 1996, Pomier incorporated Acadiana Water and transferred to it his rights in the plant purchased from AAA Brick. Acadiana Water has operated the water and sewer system since that time.

The parties operated without incident for several years until 2000, when Carencro filed suit against Acadiana Water.[2] Carencro alleged Acadiana Water committed an illegal tap or connection into Carencro's sewer system, thus allowing sewage from homes in the Markridge Park Subdivision to flow into Carencro's sewer system, which was then treated without any compensation being paid. Carencro sought damages resulting from the alleged unauthorized connection into its sewer line, as well as compensation for the sewage treatment services rendered.

The parties eventually settled the 2000 lawsuit by a "Stipulated Judgment" entered by the trial court on July 30, 2008, that incorporated "Joint Stipulations" entered into by the parties. The "Joint Stipulations" incorporated by reference the 1987 Compromise as relating to Markridge Park. The remainder of the Joint Stipulations relate to the temporary usage by Acadiana Water of Carencro's water service. It was agreed as follows:

> [Carencro] does agree to hereafter provide to [Acadiana Water], for back washing purposes and/or when [Acadiana Water] is unable to furnish water to its customers, at [Acadiana Water's] request and within one hour of receipt by one of [Carencro's] representatives of said request, water from [Carencro's] water distribution system/lines which

---

[2] The lawsuit, "City of Carencro v. Acadiana Water and Sewer, Inc. and John Pomier," was filed in the Fifteenth Judicial District Court, Parish of Lafayette, Docket No. 2000-6695 E.

3

are physically connected to those water distribution lines of [Acadiana water's]; said service shall be provided to [Acadiana Water] by [Carencro] at no charge to [Acadiana Water]. Such services shall be provided by [Carencro] to [Acadiana Water] for a maximum of 72 hours, upon receipts of the above described request and notice. If such services continue to be required by [Acadiana water] after receipt of same for 72 hours, such services shall be provided as per agreement reached between [Carencro] and [Acadiana Water].

The parties operated in accordance with the 2008 judgment until 2017, during which period Carencro did not bill Acadiana Water for any water or sewer services. However, on March 30, 2017 Carencro filed the instant lawsuit suit seeking compensation from Acadiana Water and Pomier for water and sewer services provided to the residents of Markridge Park Subdivision.

An Exception of No Cause and/or No Right of Action was filed by Pomier. There was no opposition to the granting of this exception as to Pomier, which was granted by the trial court. Acadiana Water filed a Peremptory Exception of Res Judicata based on the 1987 Compromise and 2008 Stipulated Judgment. A hearing on the Exception of Res Judicata was heard on December 10, 2018, after which post-trial memoranda were accepted. The trial court then held an additional hearing on February 4, 2019, during which the trial court gave his reasoning for granting the exception of res judicata. The trial court explained:

> In other words . . . [the parties] had the issue come up. The [1985] suit was filed. And to resolve that issue they - - y'all reached the settlement in a compromise. And that wiped out everything. . . . And so I think the intent of the parties was to resolve any and all claims forever. And, so, with that I'm going to go ahead and grant the exception.

Carencro appealed the trial court's judgment, contending it erred in granting the exception of no cause of action.

**ANALYSIS**

Louisiana's doctrine of res judicata is governed by La.R.S. 13:4231-13:4232. It is intended to increase judicial efficiency, and to protect the defendants against the unnecessary burdens of litigation arising from repeated lawsuits. *Terrebonne Fuel*

4

*& Lube, Inc. v. Placid Refining Co.*, 95-654, 95-671 (La. 1/16/96), 666 So.2d 624.

Louisiana Revised Statutes 13:4231 provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Louisiana Supreme Court, in *Burguieres v. Pollingue*, 02-1385, pp. 7-8 (La. 2/25/03), 843 So.2d 1049, 1053, further explained:

> A reading of La. R.S. 13:4231 reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

Carencro alleged in its petition, that it was entitled to compensation for "water and sewer services" provided to Acadiana water for the benefit of Markridge Park Subdivision residents. This is the same cause of action as asserted in the 1985 lawsuit. That litigation was settled, when the parties (at that time AAA Brick and Carencro) executed a "Compromise of Lawsuit." As set forth earlier, that agreement (emphasis added) specifically provided that "[Carencro] does hereby release and relieve [AAA Brick] **forever from any and all claims for water and/or sewer services** provided by [Carencro], if any, **to [AAA Brick], its successors,**

5

**transferees or assigns** as it pertains to water and/or sewer services furnished, relating to or connected with Markridge Park Extension II."

Again in 2000 (after Pomier purchased the water and sewer plant from AAA Brick and transferred its ownership to Acadiana Water), Carencro filed another lawsuit alleging the same cause of action as that asserted in the 1985 lawsuit. In 2008, the parties (who were the same then as now) entered into a Stipulated Judgment, which incorporated the 1987 Compromise therein. Thus, the same parties brought the same cause of action in 2000, which was resolved with the filing of the 2008 Stipulated Judgment. The 1987 Compromise and 2008 Stipulated Judgment established Carencro "forever" released and relieved AAA Brick and its successors (Acadiana Water) from any claims it could make relating to water and sewer services provided by Carencro. Because these claims have already been adjudicated, the trial court did not err in finding they were barred by the doctrine of res judicata.

Carencro also attempts to argue the language in the 1987 Compromise and 2008 Stipulated Judgment did not intend to address any future water and sewer services and only applied to release and relieve AAA Brick and its assigns from past services. The clear language of the 1987 Compromise and 2008 Stipulated Judgment render this argument meritless. As noted earlier, the language (emphasis added) specifically stated: "[Carencro] does hereby release and relieve [AAA Brick] *forever* from any and all claims for water and/or sewer services provided by [Carencro], if any, ***to [AAA Brick], its successors, transferees or assigns*** . . ." The reference to "forever" and the "successors, transferees or assigns" of AAA Brick clearly indicates it was to apply for both past and future services.

Lastly, Carencro argues it was "constitutionally" prohibited from providing "free" water and sewer services. It references Article VII, § 14(A) of the Louisiana Constitution, which provides that "the funds, credit, property, or things of value of

6

the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private." Carencro asserts it received no consideration from Acadiana Water in providing the "free" water and sewer services. We find this argument is baseless. In consideration for the water and sewer services, Acadiana Water agreed to allow Carencro to use its sewer system to reach customers in the Markridge Subdivision that were not serviced by Acadiana Water. Such an arrangement allows Carencro to receive the benefit of flowing sewage through Acadiana Water's sewer lines without having to build its own lines to provide sewer treatment to those customers. The arrangement also provided that Acadiana Water cannot prevent or otherwise prohibit the Town of Carencro from the future use of the sewer lines in Markridge Park Extension II.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, the City of Carencro.

**AFFIRMED.**